## Richmond

## VIRGINIA MUTUAL INSURANCE COMPANY v. LIBERTY MUTUAL INSURANCE COMPANY

March 3, 1978.

Record No. 761287.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Rufus G. Coldwell, Jr. (Browder, Russell, Little, Morris & Butcher, on brief), for plaintiff in error.*

*Buford M. Parsons, Jr. (William G. Shields; May, Miller and Parsons, on brief), for defendant in error.*

I'ANSON, C.J., delivered the opinion of the Court.

The issue presented on this appeal is whether Virginia Mutual Insurance Company (Virginia Mutual) was required to comply

with the provisions of Code § 38.1-381.5(e) in order to cancel its automobile liability insurance policy issued to Louis G. Hanvey.

The stipulated facts show that Virginia Mutual issued its contract of insurance to Hanvey effective from October 2, 1973 to April 2, 1974. On November 26, 1973, fifty-five days after the issuance of the policy, Virginia Mutual sent a notice to Hanvey advising him that his policy was terminated as of December 8, 1973. On January 9, 1974, Hanvey was involved in an accident with Lillian C. Pugh. Liberty Mutual Insurance Company (Liberty Mutual), pursuant to its uninsured motorist endorsement of a policy issued to Mrs. Pugh, paid to her the sum of $9,500 for injuries sustained in the accident. Liberty Mutual asserted that Virginia Mutual had not effectively cancelled its policy to Hanvey and claimed that Virginia Mutual is indebted to it for the sum paid Mrs. Pugh.

Code § 38.1-381.5 [1] provides in pertinent parts:

"(e) No cancellation . . . by an insurer . . . shall be effective unless the insurer shall deliver or mail, to the named insured . . . , a written notice of the cancellation . . . . Such notice shall:

"(1) Be approved as to form by the Commissioner of Insurance prior to its use;

"(2) State the date, which shall not be less than thirty days after mailing to the insured of the notice of cancellation . . . , on which such cancellation . . . shall become effective . . . ;

"(3) State the specific reason or reasons of the insurer for cancellation . . . ;

"(4) Advise the insured of his right to request in writing, . . . that the Commissioner of Insurance review the action of the insurer;

"(5) Advise the insured of his possible eligibility for insurance through the Virginia Automobile Insurance Plan."

Section 38.1-381.5 further provides:

"(f) Nothing in this section shall apply:

\* \* \* \*

"(3) To any policy of automobile insurance which has been in effect less than sixty days, . . . ."

---

1. The statute was amended in 1975, but the amendments are not relevant to this case. Acts 1975, c. 63 at 232, and c. 319 at 535.

Paragraph 15 of Virginia Mutual's policy relating to cancellation conditions, in pertinent part, reads:

"This policy may be cancelled by the company by mailing to the insured . . . at the address shown in this policy written notice stating:

"1. When not less than ten days thereafter such cancellation shall be effective, if this policy has been in effect less than sixty days . . . ."

The trial court, in a written opinion, held that since Virginia Mutual mailed a notice of cancellation to Hanvey fifty-five days after the policy was issued advising him that his policy would be cancelled effective ten days thereafter, the "timing of this exercise converted the policy into one that has been in effect for more than sixty days, took it out of Code § 38.1-381.5(f) and made it subject to the provisions of Code § 38.1-381.5(e);" and that since the policy was not cancelled pursuant to the latter section, it was in full force and effect when Hanvey was involved in the accident with Mrs. Pugh. Judgment was thereupon entered for Liberty Mutual.

We do not agree with the reasoning and findings of the trial court. Subsection (e) sets forth what is required of the insurer to effectuate cancellation of a policy for cause. Subsection (f)(3) states that nothing in that section shall apply to a policy of automobile liability insurance which has been in effect less than sixty days.

It is clear from a reading of subsection (f) along with the notice provision in the policy that if Virginia Mutual elected to cancel the policy within sixty days of its effective date, it was privileged to do so upon its mailing the notice which fixed a termination date not less than ten days thereafter. The provision of the policy merely set the period that the notice must run. It is obvious that the notice requirement in the policy was for the purpose of giving the insured time to apply for other insurance. There is nothing in subsection (f) requiring that the effective date of the cancellation must be within sixty days. It is to the mailing of the cancellation notice within sixty days that the statute speaks. Here Virginia Mutual mailed within the sixty days required by subsection (f)(3) the unequivocal notice of cancellation of the policy. For us to hold subsection (e)

applicable, subsection (f) would have to read "any policy of automobile insurance which will have been in effect less than sixty days" rather than the language of the statute "has been in effect less than sixty days." Hence, we hold that when Virginia Mutual mailed the notice of cancellation, the insurance policy had been in effect less than sixty days and therefore the requirements of Code § 38.1-381.5(e) are inapplicable.

Liberty Mutual's reliance on the majority opinion in *Langdon* v. *Maryland Casualty Co.*, 357 F.2d 819 (D.C. Cir. 1966), is not persuasive here. The only issue presented there was the interpretation of the cancellation provisions of the insurance policy. The court found that the provisions of the policy were ambiguous and under well-recognized principles interpreted the language against the insurer and in favor of the insured.

For the reasons stated, the judgment is reversed and final judgment is here entered for Virginia Mutual.

*Reversed and final judgment.*