**Richmond**

ROBERT WILLIAM MCCLURE

v.

COMMONWEALTH OF VIRGINIA

October 16, 1981.

Record No. 802035.

Present: All the Justices.

*James W. Haskins (Young, Kiser, Haskins, Mann, Gregory & Young,* on brief), for appellant.

*Robert H. Anderson, III, Assistant Attorney General (Marshall Coleman, Attorney General; Richard B. Smith, Assistant Attorney General,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

The issue in this appeal is whether a person can be imprisoned for violating the Virginia Habitual Offender Act when his classification as an habitual offender was based, in part, on uncounseled misdemeanor convictions. This issue was decided in *Whorley* v. *Commonwealth,* 215 Va. 740, 214 S.E.2d 447, *cert. denied,* 423 U.S. 946 (1975). However, we have been asked to reexamine *Whorley* in light of the decision of the United States Supreme Court in *Baldasar* v. *Illinois,* 446 U.S. 222 (1980).

Robert William McClure was convicted in North Carolina of driving a motor vehicle while under the influence of intoxicants in November, 1977. He was not represented by counsel and did not waive his right to counsel. In October, 1978, in the City of Martinsville, McClure was convicted of driving a motor vehicle after his operator's license had been revoked. Again, he did not have an attorney and did not waive his right to one. McClure was convicted of the same charge in April, 1979, in Henry County. He was represented by counsel on that offense.

As a result of these three convictions, a civil proceeding was instituted in the Circuit Court of Henry County, pursuant to Code § 46.1-387.4, to have McClure adjudged an habitual offender as defined by Code § 46.1-387.2. After hearing the evidence, including McClure's admission that he had been convicted of the three traffic offenses, the court found that he was an habitual offender. McClure's driver's license was revoked for ten years, and the court advised him that if he were thereafter convicted of operating a motor vehicle in the Commonwealth he would be guilty of a felony and could be sentenced to not less than one year, nor more than five years, in the penitentiary.

On September 29, 1980, McClure was found guilty of feloniously operating a motor vehicle after having been declared an habitual offender, and he was sentenced to serve one year in the penitentiary. It is from this conviction that McClure appeals.

McClure contends that his felony conviction violates his right to counsel as guaranteed by the Sixth Amendment to the Federal Constitution because his classification as an habitual offender was predicated upon his uncounseled misdemeanor convictions. To support this contention, he relies on *Baldasar,* which he asserts, had the effect of overruling *Whorley.*

In *Baldasar,* the defendant challenged his conviction under an Illinois enhanced punishment statute. Under that statute petit larceny is a misdemeanor punishable by not more than a year of imprisonment. However, a second conviction for the same offense may be punished as a felony with a prison term of one to three years.

Baldasar was convicted of petit larceny in May, 1975. He was not represented by counsel and did not waive his right to counsel. Subsequently, he was again charged with petit larceny. The State introduced evidence of his prior conviction, and Baldasar was convicted of a felony and sentenced to prison for one to three years.

The Supreme Court, in a per curiam opinion, reversed Baldasar's conviction. Its reasoning was set out in three concurring opinions, none of which was supported by a majority of the Court. Justice Stewart concluded that Baldasar's conviction could not stand because he "was sentenced to an increased term of imprisonment *only* because he had been convicted in a previous prosecution in which he had *not* had the assistance of appointed counsel in his defense." *Baldasar,* 446 U.S. at 224. (Stewart, J. concurring). Justice Marshall stated that "a conviction which is

invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute." *Id.* at 228. (Marshall, J. concurring).

■ We feel that nothing in *Baldasar* mandates a reversal of the position we took in *Whorley.* In *Whorley,* we recognized that the "direct or collateral consequences [of an uncounseled misdemeanor conviction] which relate to the loss of liberty and imprisonment," cannot stand. However, we went on to say that "[a]n uncounseled misdemeanor conviction . . . is not invalid *per se,* and consequential civil disabilities are not invalid." *Whorley,* 215 Va. at 744, 214 S.E.2d at 450.

Support for our position is found in *Lewis* v. *United States,* 445 U.S. 55 (1980), decided the same term as *Baldasar.* There, the Court stated that it had "never suggested that an uncounseled conviction is invalid for all purposes." *Id.* at 66. An uncounseled felony conviction may be used "as the basis for imposing a civil firearms disability, enforceable by a criminal sanction." *Id.* at 66-67.

*Lewis* involved a conviction under a Federal statute which prohibited "any person who has been convicted . . . of a felony" from receiving, possessing or transporting firearms. Looking to the language and legislative history of the statute, the Court found that the law focused on the mere fact of conviction and not on the reliability of the former adjudication. The Court observed that Congress had made a rational judgment in deciding that convicted felons should be precluded from dealing in firearms, irrespective of whether their convictions were uncounseled. Therefore, Lewis' firearms conviction was upheld even though his underlying conviction was uncounseled.

■ Our Habitual Offender Act falls into the same category as the statute at issue in *Lewis.** The carnage on Virginia's highways is a matter of common knowledge. The General Assembly enacted the Habitual Offender Act "[t]o provide maximum safety for all persons who travel or otherwise use the public highways of the State . . . ." Code § 46.1-387.1. Its judgment that certain persons, because of their past driving records, be denied the privilege of driving on our highways is a rational one.

---

* Since the Virginia Habitual Offender Act provides for a hearing, Code § 46.1-387.4 to 387.6, before the civil disability is imposed, it affords a Virginia defendant a safeguard which is unavailable under the Federal statute.

For these reasons, we feel that the use of uncounseled misdemeanor convictions in an habitual offender adjudication and the subsequent conviction for driving after such an adjudication does not violate the Sixth Amendment. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*