## CIRCUIT COURT OF WISE COUNTY

Commonwealth of Virginia

    v.

Jack Mitchell Perrigan

              Case No. L85-336

Commonwealth of Virginia

    v.

Jimmy Herron

              Case No. L84-26

Commonwealth of Virginia

    v.

Echol Dean Adams

              Case No. L85-102

Commonwealth of Virginia

    v.

John Raymond Livingston

              Case No. L85-372

              October 18, 1985

By JUDGE J. ROBERT STUMP

The four above habitual offender cases with similar issues were jointly submitted to the court for decision based solely on the file and record. No evidence was presented, but briefs were filed by counsel.

## I

One D.U.I. conviction in the Perrigan case occurred in Kentucky. The defendant contends that the Uniform Citation from Kentucky is not certified by the Kentucky clerk on the back. Therefore, it is not admissible to establish one of the three necessary convictions to prove he is an habitual offender. But the affidavit on the reverse side of the Kentucky court record applies to initial probable cause for grounds to issue the warrant. It does not apply to certifying or authenticating that the document is a true Letcher County, Kentucky, record.

> Proceedings under the [Habitual Offender] Act are based upon records which the Commissioner [of the DMV] is required to maintain. A copy of the certified transcripts or abstracts of convictions must be served on the defendant with a copy of the show cause order. . . It is reasonable to presume that under the statutory scheme of the Habitual Offender Act the Commissioner not only kept accurate records of Davis's convictions but that he also made at least a tentative determination of similarity between the Virginia statute and the laws of the other states. [The Perrigan case involves a similar Kentucky statute.] We conclude that the effect of the interrelated provisions of this Act

is to create a prima facie presumption that the convictions obtained in other states as shown on the certified transcripts or abstracts were not only valid but were obtained under laws substantially conforming to our own. *Davis v. Commonwealth*, 219 Va. 808, 812, 813 (1979).

Furthermore, Virginia Code § 46.1-387.3, as amended, provides: "Such transcript or abstract may be admitted as evidence. . . shall be prima facie evidence that the person named therein was duly convicted. . . by the court wherein such conviction or holding was made. . . and if such person shall deny any of the facts as stated therein, he shall have the burden of proving that such fact is untrue." There is no denial nor proof otherwise in the Perrigan case.

## II

Counsel for Herron contends in his brief that the requirements of non-residency were not complied with in one of the original convictions. Counsel for Adams contends in his brief that he had no knowledge of the suspension of his license in Buchanan County Court for failure to file proof of financial responsibility.

The proper procedure to claim such defenses are clearly set forth in the Virginia Habitual Offender Act in Virginia Code § 46.1-387.5, "If such person denies he was convicted. . . of any offense necessary for a holding that he is an habitual offender, and if the court cannot, on the evidence available to it, make such determination, the court may certify the decision of such issue to the court in which such conviction. . . was made. The court to which such certification is made shall forthwith conduct a hearing to determine such issue and send a certified copy of its final order determining such issue to the court in which such information was filed."

Herron and Adams have not denied under oath they were convicted as the DMV records show. As a matter of fact, these defendants have not testified nor presented any evidence whatsoever. The prescribed procedure has not been followed. This court has no jurisdiction to consider these claims in defendants' counsel's briefs. Furthermore, there is no evidence available in the record for this court to make such determinations.

## III

Counsel for Adams in his brief claims that an uncounseled conviction cannot be used as one of the three convictions required under § 46.1-387.2 to declare him an habitual offender. He relies on *Argersinger* v. *Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972).

This argument cannot be considered by the court since Adams presented no evidence and did not testify. It would be speculative to determine whether or not Adams was represented by counsel at either one of the three trials now being used to declare him an habitual offender. However, the court will address the legal point in order to lay this issue to rest.

In 1972 the U. S. Supreme Court declared in *Argersinger* that an accused may not be put in jail in a criminal misdemeanor case if he was denied assistance of counsel.

However, "*Argersinger* excises from an uncounseled misdemeanor conviction only the direct or collateral consequences relating to imprisonment and does not require that the conviction be declared invalid for all purposes." *Litton* v. *Williams*, 548 F. Supp. 265 (W.D. Va. 1982); *Lewis* v. *United States*, 445 U.S. 55, 100 S. Ct. 915, 63 L. Ed. 2d 198 (1980).

*Argersinger* is limited only to the right of counsel if loss of liberty is involved in a misdemeanor case. It does not extend to the misdemeanor conviction itself, fines, the suspension of driver's license, nor "the collateral consequences of such a conviction on a civil right of the defendant." See *Marston* v. *Oliver*, 485 F.2d 705, 707, 708 (4th Cir. 1973), cert. denied, 417 U.S. 936, 94 S. Ct. 2652, 41 L. Ed. 2d 240 (1974).

It is well settled in Virginia when in 1981 the Virginia Supreme Court upheld this principle in *McClure* v. *Commonwealth*, 222 Va. 690, 693, 694 (1981): "The use of uncounseled misdemeanor convictions in an habitual offender adjudication and the subsequent convictions for driving after such an adjudication does not violate the Sixth Amendment (the right to assistance of counsel)." See also *Whorley* v. *Commonwealth*, 215 Va. 740, at 744, 214 S.E.2d 447, cert. denied, 423 U.S. 946 (1975). See also in accord *Ferguson* v. *Gathright*, 485 F.2d 504 (4th Cir. 1973), extending the principle to "fundamental due process."

Therefore, Adams's contention on this issue will not stand.

## IV

Counsel for Perrigan, Herron, Adams and Livingston claim in their brief that one or more of the three required convictions necessary to declare them habitual offenders occurred more than ten and/or five years from the date of certification by the Commissioner of the DMV. Therefore, the show cause orders should be dismissed.

This issue demands a virgin legal interpretation of Virginia Code §§ 46.1-387.2 and 46.1-387.3, as amended.

Section 46.1-387.2 defines an habitual offender, and provides in pertinent part: "An habitual offender shall be any person. . . whose record. . . shows. . . accumulated convictions (as described). . . committed within a ten-year period. . . and provided further the date of the offense most recently committed occurs within ten years of the date of all other offenses."

Section 46.1-387.3 provides in pertinent part: "In any proceeding under § 46.1-387.5, the court may refuse to enter any order as provided in § 46.1-387.6 if such certification was made more than five years after conviction of said offense and such person would be otherwise eligible for restoration of his privileges under Section 46.1-387.9:2."

It is the opinion of the court that "offense" means the date of arrest and not the date of trial and/or conviction.

Further, the court opines that there appears to be no ambiguity in the language of § 46.1-387.2, i.e. the three convictions must be for offenses committed within ten years of each other. This statute specifically does not provide that the offenses be committed within ten years of the certification date.

Section 46.1-387.3 does specifically provide that the court may refuse to declare a person an habitual offender "if such certification was made more than five years after conviction of said offense."

The determinative word in § 46.1-387.3 is "said" offense. Its exact meaning appears unclear. The court will treat "said" as an adjective. It is logical to interpret the true meaning of "said" offense by referring back to and considering "said" in conjunction with the

definition of an habitual offender in § 46.1-387.2, which states, "the date of *the offense* most recently committed." It would be unreasonable and certainly not the logical intent of the Virginia General Assembly to contend that the certification must not be made more than five years after the first and/or second conviction. This argument, which the court does not adopt, would destroy the clear meaning of § 46.1-387.2, i.e. the three offenses must be committed within ten years of each other. Therefore, the certification by the Commissioner of D.M.V. must not be made more than five years after conviction of (*the*) (*said*) offense most recently committed. (Underlining mine)

Wherefore, the court is of the opinion that:

(1) the three offenses necessary to declare a person an habitual offender must be committed within ten years of each other; and

(2) the certification by the Commissioner of the DMV must not be made more than five years after conviction of the most recently committed offense.

Applying the above ten-year-rule as to the three offense dates separately from the five-year-rule of certification from the last committed offense date, and applying the factual offense dates and certification dates, the court finds that the Commonwealth has proved its cases against all four defendants by a preponderance of the evidence.

Furthermore, § 46.1-387.3 provides that "the court *may* refuse to enter any order." This allows the judge discretion, and is not mandatory. Therefore, the court will enter the final orders.

Also, § 46.1-387.3 allows the court to refuse to enter the order by providing the five-year time limit as to the certification "*and* such person would be otherwise eligible for restoration of his privilege." This is a two-prong test to be read in the conjunctive. There was no proof by any of the defendants that they were eligible for restoration of their driving privileges.

Wherefore, based on the above, the court will enter the final orders declaring all four defendants to be habitual offenders.