## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

v.

Franklin D. Whittington, Jr.

October 19, 1987

Case No. L-87-62

By JUDGE ROBERT K. WOLTZ

This is a proceeding under Title 46.1, Chapter 5, Article 7, §§ 46.1-387.1 et seq., commonly known as the Habitual Offender Act. The precise issue is whether the defendant should now be declared an habitual offender as a result of a relatively recent conviction for driving while intoxicated subsequent to the court's refusal in 1985 in a like proceeding to declare the defendant an habitual offender on the basis of the five year provision in § 46.1-387.3.

In September 1985, a rule was issued against the defendant to show cause why he should not be declared an habitual offender under the act. The transcript of his motor vehicle operator's record filed with the information commencing the proceeding disclosed that he had been convicted four times between April 1978 and October 1978 of operating a motor vehicle on a suspended or revoked operator's license. Thus there had been a lapse of seven years and approximately five months from the earliest of those convictions to the time of suit against the defendant being instituted. The defendant was duly made a party in those proceedings, and exercising its discretion as authorized by § 46.1-387.3, the court on December 13,

1985, declined to declare the defendant an habitual offender due to this long delay. That statute provides in part:

> In any proceeding under § 46.1-387.5, the court may refuse to enter any order [declaring one to be an habitual offender] as provided in Section 46.1-387.6 if such certification was made more than five years after conviction of said offense and such person would be otherwise eligible for restoration of his privilege under Section 46.1-387.9:2.

The defendant maintains that because he was not declared an habitual offender as a result of his four earlier convictions that those convictions in effect should be set at nought and not now counted together with his recent driving while intoxicated conviction. This reasoning is fallacious.

The court refused to declare him an habitual offender because of the long lapse of time between those four earlier convictions and the certification of them by the Division of Motor Vehicles for proceedings under the act. The result of the refusal of the court to declare him an habitual offender at that time for that reason did not for the purposes of the act blot them out; they still remained convictions on his record and viable as such. The only effect of the court's previous order was that he should not be found an habitual offender based on those convictions standing alone.

They no longer stand alone but are now buttressed by the new driving while intoxicated conviction of January 1987, all five of such convictions being within the ten year period prescribed by § 46.1-387.2, and certification of his record as a motor vehicle operator was on the present occasion timely made in May, 1987.

Accordingly, Order declaring the defendant an habitual offender in accordance with § 46.1-387.6 will enter, he not having denied his identity nor the convictions shown in the latest certification. The order will also show that the record in the prior habitual offender declaration proceeding against the defendant, Law No. 4473, has been made a part of the record of this proceeding, provide for his surrender forthwith to the court all permits to

operate a motor vehicle in the Commonwealth as required by § 46.1-387.6, set out information as to the results of his operating a motor vehicle on the highways of the Commonwealth until his operating privileges have been duly restored and provide that he receive an attested copy of the order.