## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Thomas D. Swanson

May 25, 1989

Case No. (Law) 88654

By JUDGE THOMAS J. MIDDLETON

The Defendant Thomas D. Swanson was issued a Rule to Show Cause on February 1, 1989, to appear and show cause why he should not be adjudged an habitual offender. He was served in person with the notice. The case was continued at the Defendant's request to March 30, 1989.

The Division of Motor Vehicle certification to the Commonwealth Attorney was on September 6, 1988. The Criminal Information was filed by the Commonwealth Attorney on January 12, 1989. The certification was based on six convictions, all committed within a ten year period, from June 5, 1979, to February 14, 1986.

The Defendant has made three basic arguments contesting his adjudication. He argues first that the Commonwealth waited more than five years since the dates of his first three convictions to certify his record for adjudication, and thus under § 46.1-378.3 the court may refuse to enter an order of adjudication. Secondly, he argues his conviction in June, 1979, in the Juvenile and Domestic Relations

District Court was not for larceny of an automobile and should not have been included as an offense which may be used in an habitual offender adjudication. Consequently, he argues, if that conviction falls, the other convictions of operating on a suspended license which were a result of his suspension after the June, 1979, conviction, also must fall. If they do, only two convictions remain [which is] not sufficient for an habitual offender adjudication.

Lastly, Defendant argues his uncounseled convictions which resulted in jail time' are void, and void judgments may be assailed at any time.

The Defendant's first argument based on the five-year provision under § 46.1-387.3 must fail. The Virginia Court of Appeals rejected a similar argument in *Bouldin v. Commonwealth*, 4 Va. App. 166 (1987). In *Bouldin*, the Defendant argued a delay of four years between his last conviction and certification was unconscionable. The court decided that the Virginia legislature apparently had considered the fact that habitual offender proceedings might be initiated more than five years after the offender's last conviction, yet it declined to include any limitations period in the Habitual Offender Act. (Citing § § 46.1-387.3, and 8.01-231 which provides that "[n]o statute of limitations which shall not in express terms apply to the Commonwealth shall be deemed a bar to any proceeding by or on behalf of the same.")

Several Circuit Court decisions support the view that the five year period is measured from the date of the conviction of the offense which brings the Defendant within the provisions of the Act, not the date of the first offense. *See Commonwealth v. Boyce*, 10 Va. Cir. 132 (Cir. Ct. Alexandria 1987); *Commonwealth v. Whittington*, 9 Va. Cir. 286 (Cir. Ct. Frederick County 1987); *Commonwealth v. Perrigan*, 7 Va. Cir. 262 (Cir. Ct. Wise County 1985). The *Whittington* court noted that the refusal of the court to declare the defendant an habitual offender because of the lapse of time between the four convictions and certification of them by the Division of Motor Vehicles does not mean the convictions are removed from the record. The only effect of the court's order was that he should not be so adjudicated based on those convictions alone. Once the earlier convictions were buttressed by a new conviction, and all of the convictions occurred within

ten years, a timely certification was upheld and the defendant was adjudged an habitual offender. It was the most recent conviction (*i.e.* the fifth in that case) which counted as the one which brought him within the provision of the Act, not necessarily the third conviction.

Further, as the *Perrigan* court noted:

> The use of the phrase "said offense" could be interpreted by referring back to and considering "said" in conjunction with definition of an habitual offender in § 46.1-387.2, which states, "the date of the offense most recently committed." It would be unreasonable and certainly not the logical intent of the Virginia General Assembly to contend that the certification must not be made more than five years after the first and/or second conviction. This argument, which the court does not adopt, would destroy the clear meaning of § 46.1-387.2, i.e. the three offenses must be committed within ten years of each other. Therefore, the certification by the Commissioner of Division of Motor Vehicles must not be made more than five years after conviction of (the) (said) offense most recently committed.

Also, as the *Perrigan* court stated, § 46.1-387.3 allows the court to refuse to enter the order by providing the five year time limit as to the certification, and such person would be otherwise eligible for restoration of his privilege under § 46.1-387.9:2. This is a two-prong test to be read in the conjunctive. In this case, the defendant would not be eligible for restoration under Section 46.1-387.9:2 since that section only applies to persons who were adjudged an habitual offender where such adjudication was based in part on a conviction for DWI and five years had elapsed since that adjudication. Since the defendant's DWI conviction was in 1985, there is no evidence he would be so eligible.

The Defendant's argument that his conviction for grand larceny does not fall within the offenses prescribed in the Habitual Offender Act has some merit. The record indicates that the conviction was for larceny of a car radio, cassette player, and tapes from a motor vehicle.

The Defendant was a passenger in a car pulled over on a traffic stop and was found in possession of the stolen items. The Defendant pled guilty after waiving right to counsel and was fined $100, and his driver's license was suspended for ninety days.

Section 46.1-387.2(7) provides that: "any offense punishable as a felony under the motor vehicle laws of Virginia or any felony in the commission of which a motor vehicle is used" may be included for an habitual offender adjudication. It would not be proper to include this felony as one in which a motor vehicle was used. Also, there does not appear to be any authority for the Juvenile and Domestic Relations District Court to have suspended the defendant's license for such an offense. Section 18.2-95 provides only for fines and/or a jail sentence. However, since the defendant failed to appeal his conviction, he cannot now attack his sentence collaterally. The defendant was on notice that his license was suspended yet deliberately drove; therefore, the subsequent conviction in January, 1981, for driving on a suspended license was a valid one. As a result of the January, 1981, conviction, his license was further suspended. The next conviction in December, 1981, for driving on a suspended license resulting from the January, 1981, conviction was again valid. Thus, even if the June, 1979, conviction is not included, the subsequent convictions would stand and suffice for an habitual offender proceeding.

It is well-settled in Virginia that uncounseled convictions can be used as convictions to declare one an habitual offender. In *McClure v. Commonwealth*, 222 Va. 690 (1981), the Virginia Supreme Court upheld the use of such convictions, noting that although "direct or collateral consequences [of an uncounseled misdemeanor conviction] which relate to the loss of liberty and imprisonment cannot stand . . ." "[a]n uncounseled misdemeanor conviction . . . is not invalid *per se* and consequential civil disabilities are not invalid." 222 Va. at 693, citing *Whorley v. Commonwealth*, 215 Va. 740, 744 (1975).

Further, as the Virginia Court of Appeals most recently held in *Morse v. Commonwealth*, 6 Va. App. 466 (1988), a defendant may not raise at an adjudication hearing the sufficiency of the evidence to support an underlying conviction. Although a party may assail a void judgment at

any time, a judgment is only void for lack of jurisdiction. *See Slaughter v. Commonwealth*, 222 Va. 787 (1981) (holding a nonjurisdictional defect in an underlying conviction did not render an habitual offender adjudication void). Thus, in Virginia, a conviction underlying an habitual offender adjudication may only be attacked by asserting a jurisdictional defect. *Morse* at 469. Since the defendant in the case at bar was a Virginia resident who was personally served, there is no jurisdictional defect to be alleged.

It appears that the purpose of the Habitual Offender Act is public safety. While the statute provides a procedure by which to achieve the objective of removing dangerous persons from the highways, it is public safety, not procedural legislation. Although the provisions provide for procedures to be followed, any benefit to the Defendant is merely incidental since the protected class at which the statute is aimed is the public. Section 46.1-387.3 merely provides that the Court may refuse to enter any order. This allows the judge discretion and is not mandatory even if the procedures are not followed.

It is the opinion of the Court that the Defendant should be adjudged an habitual offender. Even if the first conviction is not counted, there still remain five convictions standing, with less than five years between the most recent offense and certification by the Division of Motor Vehicles. Further, there is no question of this Court's jurisdiction over the Defendant, nor complaint of any jurisdictional defect of any of the underlying convictions leading to this proceeding.