## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

John C. Hopkins

February 21, 1990

Case No. (Law) 91162

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court upon defendant's Motion to Dismiss a Rule to Show Cause why he should not be declared an Habitual Offender pursuant to § 46.1-387.5, Code of Virginia (1950), as amended.

Defendant argues that a prior conviction for driving while intoxicated may not be relied upon by the Commonwealth as a predicate offense to adjudicate him an Habitual Offender because the conviction was an uncounseled misdemeanor conviction for which a suspended jail term was imposed and is void under the rule announced in *Argersinger v. Hamlin*, 407 U.S. 25 (1972). The Court does not agree.

In *Argersinger* the Court held that an accused may not be deprived of his *liberty* as the result of an uncounseled criminal conviction. The issue here, however, is not defendant's loss of liberty but rather a civil disability that would deny defendant's privilege to operate a motor vehicle on the highways of the Commonwealth.

A proceeding under Virginia's Habitual Offender Act is not a criminal proceeding, no fines are imposed, and no loss of liberty is involved. In *Whorley v. Commonwealth*, 215 Va. 740, *cert. denied*, 423 U.S. 946 (1975), an habitual offender adjudication was challenged on the basis that it relied on an uncounseled conviction claimed to be void for Habitual Offender purposes under *Argersinger*.

While the Court acknowledged that *Argersinger* voided any sentence of imprisonment, the Court found the conviction otherwise valid and a basis for a subsequent Habitual Offender proceeding.

Subsequent to *Whorley*, the Court re-examined the issue in *McClure v. Commonwealth*, 222 Va. 690 (1981) in light of the decision in *Baldasar v. Illinois*, 446 U.S. 222 (1980); *Baldasar* holding that a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute.

The *McClure* Court found nothing in *Baldasar* that mandated a reversal of the position the Court took in *Whorley*. After making reference to *Lewis v. United States*, 445 U.S. 55 (1980), decided the same term as *Baldasar*, where the Supreme Court stated that it had "never suggested that an uncounseled conviction is invalid for all purposes," the *McClure* Court then stated:

> [W]e feel that the use of uncounseled misdemeanor convictions in an habitual offender adjudication and the subsequent conviction for driving after such an adjudication does not violate the Sixth Amendment . . . .

222 Va. at 693-94.

This Court, being duty bound to follow the dictates of *Whorley* and *McClure*, finds that the defendant's conviction of driving while intoxicated of December 1, 1982, is valid as a predicate offense for the Habitual Offender proceedings herein. Defendant's Motion to Dismiss is therefore denied.

Counsel for the Commonwealth shall prepare an Order denying defendant's Motion to Dismiss and finding defendant to be an Habitual Offender.