In re Nicholas Rinehart

September 15, 1994

Case No. (Law) 132744

By Judge Thomas S. Kenny

Mr. Rinehart, by counsel, requests this Court to reconsider its order of August 25, 1994, declaring Mr. Rinehart an Habitual Offender under Chapter 3, Article 9 of Title 46.2 of the Code of Virginia.

Mr. Rinehart was adjudicated an Habitual Offender of several predicate offenses, including a conviction by a West Virginia Court of Driving While Intoxicated. The Commonwealth introduced Department of Motor Vehicles records as evidence of the West Virginia conviction. No evidence was offered at trial on whether Mr. Rinehart had counsel at the time of this conviction.

Respondent bases his present motion to reconsider on two grounds. First, Respondent argues that the Commonwealth did not present any evidence on the substantial similarity of the elements of the West Virginia offense to its Virginia counterpart and thus failed to carry its burden of proof. Citing the Virginia Supreme Court's decisions in *Rufty v. Commonwealth*, 221 Va. 836 (1981), and *Shinault v. Commonwealth*, 228 Va. 269 (1984), Mr. Rinehart contends that the Commonwealth must prove the conformity of foreign statutes to Virginia law whenever it relies on an out-of-state conviction. The *Rufty* and *Shinault* decisions addressed this issue in the context of enhanced punishment based on prior foreign convictions.

Second, Mr. Rinehart alleges that the Commonwealth failed to carry its burden of proof on whether defendant had counsel or made a knowing and intelligent waiver of counsel in the West Virginia offense. Mr. Rinehart claims support for his second argument in the Court of Appeals decision in *Sargent v. Commonwealth*, 5 Va. App. 143 (1985). The Court in *Sargent*

held that the Commonwealth must prove that the defendant made a knowing and intelligent waiver of counsel in prior uncounseled convictions which later form the basis for an enhanced criminal conviction.

On both grounds, respondent mistakenly points to the Commonwealth's burden of proof in criminal convictions. The Virginia Habitual Offender Act is civil in nature. *Davis v. Commonwealth*, 218 Va. 808, 812 (1979). Therefore, the case law on criminal procedure cited by Mr. Rinehart does not apply in this matter.

Indeed, the Supreme Court made clear the civil nature of habitual offender proceedings when it previously addressed the very issues Mr. Rinehart raises in his present motion. In *Davis*, the Court considered an assignment of error in a trial court's ruling that a respondent in habitual offender cases bears the burden of going forward with evidence on the issue of a foreign statute's conformity with Virginia law. At trial, the Commonwealth's only evidence of the predicate offenses consisted of the Commissioner of the Division of Motor Vehicles' certified transcripts or abstracts of out-of-state convictions.

The Supreme Court held that a presumption exists under the Habitual Offender statutory scheme that the Commissioner maintains accurate records of convictions and inquires into the similarity between foreign statutes and their Virginia counterparts. Thus, the certified transcripts in *Davis* raised a prima facie presumption that the foreign convictions substantially complied with Virginia law, and the burden of going forward with evidence to rebut the presumption shifted to the respondent.

Under the *Davis* decision, the Commonwealth in this case established a prima facie case of the substantial conformity of the statutes when it presented into evidence the certified records of the Division of Motor Vehicles. Therefore, the Commonwealth was not obligated to present further proof on the issue of the similarity of the statutes. *Accord, Bouldin v. Commonwealth*, 4 Va. App. 166 (1987).

The Supreme Court again distinguished civil violations under the Habitual Offender Act from criminal offenses when it considered the issue of uncounseled convictions. In an appeal from a conviction for driving following an habitual offender adjudication, the Court held that the uncounseled predicate offenses did not violate defendant's right to counsel. *McClure v. Commonwealth*, 222 Va. 690 (1981). In *McClure*, the Virginia Supreme Court considered and distinguished the U.S. Supreme Court case of *Baldasar v. Illinois*, 446 U.S. 222 (1980), using the same criminal/civil

analysis it applied in *Davis*. Respondent's reliance on *Baldasar* is thus misplaced.

While the Court in *McClure* recognized that the consequences of uncounseled convictions relating to loss of liberty and imprisonment could not stand, it reasoned that habitual offender proceedings result in civil disabilities which are not rendered invalid *per se* by underlying uncounseled offenses. Thus, the Commonwealth in habitual offender cases does not have to prove that the defendant was represented by counsel or made a waiver of counsel in the predicate convictions.

In conclusion, Mr. Rinehart's motion to reconsider mistakenly relies on the burden of proof applicable to criminal proceedings. The Supreme Court of Virginia, however, has made clear that violation of the Habitual Offender Act constitutes a civil adjudication.

Accordingly, the motion to reconsider is denied.