## CIRCUIT COURT OF FAIRFAX COUNTY

Karl S. Juncker

v.

Commonwealth of Virginia

March 12, 1997

Case No. (Law) 158219

By Judge Gerald Bruce Lee

This matter is before the Court on the petitioner's, Karl Juncker, appeal from the Department of Motor Vehicles' determination that he is an habitual offender. The petitioner's appeal alleges that the Department's petition is defective in that it relies upon an uncounseled misdemeanor conviction for driving while intoxicated. The petitioner contends that the Department may not use an uncounseled conviction as a basis for a habitual offender declaration. Va. Code § 46.2-351. The petitioner contends that three predicate convictions are alleged and that the December 12, 1995, conviction record does not show that the petitioner had counsel at his trial. The Court, having considered the argument of counsel and the record, denies the appeal and affirms the Department of Motor Vehicles order declaring the petitioner a habitual offender.

The petitioner contends that the certified copy of the Prince William General District Court December 5, 1995, driving while intoxicated trial record fails to show whether he was represented by counsel at the time of the proceeding. The petitioner argues that the case of *Griswold v. Commonwealth*, 252 Va. 113 (1996), and *Griswold v. Commonwealth*, 19 Va. App. 447 (1995), require that the Court dismiss the petition of the Department of Motor Vehicles because the record is not clear as to whether or not the defendant had counsel at the time of his trial. Additionally, the petitioner contends that the case of *McBride v. Commonwealth*, Record No. 2491-95-3, decided January 21, 1997, requires the Court to consider the record to ascertain if the petitioner had counsel at the time of his conviction.

The Commonwealth responds to the petitioner's argument as follows. First, the Commonwealth contends that an examination of Defendant's Exhibit 1, the certified record from the Prince William County General District Court of December 5, 1995, reveals that counsel for the petitioner was present. The Commonwealth maintains that the record states "Attorneys Present" for the Commonwealth's Attorney, the name "Scalia," and for the petitioner's attorney, the name "Davidson." The record states that the accused was present, that he pleaded guilty, was found guilty as charged, and a sentence was imposed. The record is signed by the judge. The Commonwealth argues that the record clearly shows the presence of counsel and that the defendant's argument to the contrary is not supported by Defendant's Exhibit No. 1.

Additionally, the Commonwealth asserts that the case of *McClure v. Commonwealth*, 222 Va. 690 (1981), holds that an uncounseled misdemeanor conviction may be used for purposes of habitual offender declaration. The Supreme Court of Virginia held that the use of an uncounseled misdemeanor conviction for purposes of a habitual offender declaration does not violate the defendant's rights under the Sixth Amendment to the Constitution.

The *McBride* case stands for the position that the Court must examine the record of the proceeding in a case before the conviction may be used to enhance punishment in a criminal case. In the *McBride* case, the court was presented with evidence of a warrant from the General District Court that was insufficient to establish the disposition of the case because pre-printed spaces on the warrant were not clearly marked to show the disposition. The Commonwealth offered into evidence a certified copy of a record from an August 11, 1986, Richmond General District Court trial. The pre-printed warrant form was signed by the District Court judge indicating that the defendant had pleaded not guilty. The warrant disposition section was left blank as to whether the defendant was tried, found not guilty, or guilty as charged or guilty of an offense. The Court of Appeals held that the warrant record was not complete and insufficient to establish that the defendant was previously convicted of violating § 18.2-266 of the Virginia Code.

The Court upon consideration of *McClure v. Commonwealth* and the record of Petitioner's Exhibit No. 1 holds that the record reflects that the petitioner was represented by counsel in the hearing on December 5, 1995. This is not a case involving the use of an uncounseled misdemeanor conviction for purposes of a habitual offender declaration. The petition for appeal is denied.

The Court affirms the order of the Department of Motor Vehicles declaring the petitioner a habitual offender. Va. Code § 46.2-351.