COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


STEVEN LAWRENCE SYKES
                                          OPINION BY
v.   Record No. 0012-97-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MARCH 31, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                Paul M. Peatross, Jr., Judge

        (Willis J. Spaulding, on brief), for
        appellant.  Appellant submitting on brief.

        Thomas D. Bagwell, Senior Assistant Attorney
        General (Richard Cullen, Attorney General, on
        brief), for appellee.


     Steven Lawrence Sykes (appellant) was convicted in a bench

trial of credit card theft in violation of Code § 18.2-192.  On

appeal, he contends the trial court erred in finding that the gas

card he used was a credit card within the meaning of Code

§ 18.2-192 and that his conduct violated the statute.  For the

following reasons, we reverse and remand.

                               I.

     The facts are not in dispute.  While appellant was a student

at the University of Virginia, he worked for pay and as a

volunteer for the University escort service.  As a part of his

employment, he had permission to use a University "gas card" to

obtain gas for the University escort van.  Appellant admitted to

using the gas card to obtain gas for his own vehicle on seven

occasions.

The gas card had a magnetic strip on it which, when inserted into a University motor pool gas pump, allowed a person to dispense gas and created a record of the amount extracted. The card enabled the University to audit the internal distribution of gasoline among its employees, allocate funds among its departments, and detect misuse of gasoline.

At the conclusion of the Commonwealth's case in the trial court, appellant moved to strike on the grounds that the facts demonstrated petit larceny rather than credit card theft and that the gas card was not a credit card as defined in Code § 18.2-191.[1] After extensive argument on whether the gas card was a credit card for the purposes of the statute, the trial court convicted appellant of credit card theft and sentenced him to two years in prison suspended on condition of good behavior for five years.

## II.

Appellant was convicted under Code § 18.2-192, which provides:

> A person is guilty of credit card or credit card number theft when:
> (a) He takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent or who, with knowledge that it has been so taken, obtained or withheld, receives the credit card or credit card number with intent to use it or sell it, or to transfer it to a person other

---

[1] "'Credit card' means any instrument . . . issued . . . for the use of the cardholder in obtaining . . . goods . . . ." Code § 18.2-191.

2

than the issuer or the cardholder; or

(b) He receives a credit card or credit card number that he knows to have been lost, mislaid, or delivered under a mistake as to the identity or address of the cardholder, and who retains possession with intent to use, to sell or to transfer the credit card or credit card number to a person other than the issuer or the cardholder; or

(c) He, not being the issuer, sells a credit card or credit card number or buys a credit card or credit card number from a person other than the issuer; or

(d) He, not being the issuer, during any twelve-month period, receives credit cards or credit card numbers issued in the names of two or more persons which he has reason to know were taken or retained under circumstances which constitute a violation of § 18.2-194 and subdivision (1)(c) of this section.

Appellant argues that his unauthorized use of the gas card does not constitute credit card theft for the purposes of this statute. We agree.

"The main purpose of statutory construction is to determine the intention of the legislature 'which, absent constitutional infirmity, must always prevail.'" Last v. Virginia State Bd. of Med., 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992) (quoting Board of Supervisors v. King Land Corp., 238 Va. 97, 103, 380 S.E.2d 895, 897 (1989)). "Where a statute is unambiguous, the plain meaning is to be accepted without resort to the rules of statutory interpretation." Last, 14 Va. App. at 910, 412 S.E.2d at 205. "'Courts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be

applied.'"  Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944)).

The legislature clearly intended to prohibit the theft of credit cards when it enacted Code § 18.2-192.  However, the section deals only with improper acquisition, possession, and distribution of credit cards; it does not cover subsequent misuse.  Therefore, even if the evidence established that the gas card was a credit card as defined in Code § 18.2-191,[2] the statute prohibiting theft of credit cards does not apply to the instant facts.  Appellant had possession of the gas card with the permission of the University.  He did not steal it.  The above facts, if proven, show that he stole gasoline.  As appellant acknowledges, theft of gasoline valued under $100 is petit larceny, not credit card theft.  For the foregoing reasons, we reverse and remand for the Commonwealth to take whatever action it deems appropriate.

Reversed and remanded.

---

[2]Additionally, appellant argued that the gas card was not a credit card as defined in Code § 18.2-191.  Resolution of this question is not necessary to our decision.

4