COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Coleman and Lemons
Argued at Salem, Virginia


BUDDY LEE ELKINS
                                        OPINION BY
v.     Record No. 1642-98-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        AUGUST 17, 1999
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      Richard S. Miller, Judge

            Margaret A. Nelson, Senior Assistant Public
            Defender, for appellant.

            John H. McLees, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General;
            Richard B. Campbell, Assistant Attorney
            General, on brief), for appellee.


     Buddy Lee Elkins (appellant) was convicted of driving after

having been declared an habitual offender, second offense, in

violation of Code § 46.2-357. Appellant contends the trial

court erred in admitting and relying upon a misdemeanor habitual

offender conviction as a predicate offense because no evidence

proved that he waived his right to counsel or right to a jury at

trial. For the following reasons, we reverse the conviction.

                          I. BACKGROUND

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to it all reasonable

inferences fairly deducible therefrom. See Juares v.

<u>Commonwealth</u>, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on August 11, 1997, Officer Trent (Trent) of the Lynchburg Police Department observed appellant driving a blue Ford truck near Bedford Avenue and Dinwiddie Street. Trent was familiar with appellant and knew that his driver's license had been previously suspended.

The officer followed the truck and checked the status of appellant's license. Trent lost sight of appellant for about twenty seconds, but abruptly came upon him standing in front of his stopped truck with the hood elevated. Having verified that appellant's license was suspended, the officer confronted appellant.

Trent testified as follows:

> Q. What did you do?
>
> A. Before I got out of the vehicle, I confirmed with the dispatchers that he in fact was still suspended. I exited the vehicle and walked up to him. . . . I advised him that I had seen him driving and that I [had] just gotten his information that he was suspended.
>
> Q. And what did he say?
>
> A. He said, <u>I know I'm not supposed to drive. I just went to Court. And then he said, I wasn't driving the vehicle. The lady that was with him, he said she was driving</u>.

(Emphasis added). Trent stated unequivocally that appellant was the individual he observed driving the truck.

At trial, the Commonwealth offered into evidence four exhibits: (1) a certified copy of a court order indicating that appellant had been adjudicated an habitual offender by the Campbell County Circuit Court on March 7, 1995; (2) a certified copy of a misdemeanor conviction showing that appellant had pled guilty to driving after having been declared an habitual offender in the Bedford County General District Court on November 22, 1995; (3) a certified copy of a January 4, 1996 Bedford County Circuit Court order indicating that appellant was deemed to have withdrawn his appeal of the November 22, 1995 Bedford County General District Court conviction; and (4) appellant's DMV transcript.

In the Bedford County proceedings, appellant appeared in the general district court on November 22, 1995, and pled guilty to driving after having been declared an habitual offender. On that occasion, appellant signed a form waiving his right to counsel. Following his conviction in the general district court, appellant noted his appeal to the circuit court. At the trial de novo, appellant did not appear and was not represented by counsel. Rather than trying appellant in his absence, the trial judge deemed appellant's failure to appear as the equivalent of a withdrawal of his appeal. The Bedford County Circuit Court reinstated the judgment of the general district court sentencing appellant to thirty days in jail and imposing a $500 fine.

At trial in the instant case, appellant's counsel objected to the introduction of Exhibits 2 and 3, arguing that the documents did not show appellant had been advised of his right to counsel and right to a jury trial. Additionally, appellant's counsel asserted that appellant was in the Campbell County jail at the time of his January 4, 1996 misdemeanor appeal in the Bedford County Circuit Court, and, for this reason, was unable to attend his trial. Appellant testified that he told the deputies he had a court date, but they failed to assist him. The trial court overruled appellant's objection, stating: "So that was a cancelled conviction in the lower Court and he was advised of his right to counsel and waived it. So, I'm going to find him guilty of the offense as charged in the indictment."

## II.  RIGHT TO COUNSEL

Appellant first contends the trial court erred in relying on his previous habitual offender conviction in Bedford County as the predicate offense for the instant charge. He argues the Bedford County Circuit Court erroneously relied on Code § 16.1-133 and treated his failure to appear in that case as a withdrawal of his appeal from the general district court. Although appellant executed a waiver of counsel form in the general district court, he argues that he never waived either his Sixth Amendment right to counsel or his right to a jury

- 4 -

trial in the de novo circuit court proceedings.[1]  Accordingly,

appellant argues that the judgment of the Bedford County Circuit

Court was constitutionally infirm and that the trial court in

the instant case improperly relied on that conviction as the

predicate offense for an enhanced penalty.  We agree.

It is well settled that an uncounseled misdemeanor

conviction is not invalid per se and may serve as a valid

predicate offense in habitual offender proceedings.  See

Griswold v. Commonwealth, 252 Va. 113, 116-17, 472 S.E.2d 789,

791-92 (1996); McClure v. Commonwealth, 222 Va. 690, 694, 283

S.E.2d 224, 226 (1981); Nicely v. Commonwealth, 25 Va. App. 579,

583, 490 S.E.2d 281, 282-83 (1997).  The United States Supreme

Court has held that for the purpose of enhancing punishment, a

sentencing court may consider a defendant's previous uncounseled

conviction where no jail sentence was imposed.  See Nichols v.

United States, 511 U.S. 738, 746-49 (1994).  In Virginia,

> [i]t is now well established that a prior
> uncounseled misdemeanor conviction that did
> not result in actual incarceration may
> constitute proper evidence of recidivism,
> although punishment for the enhanced offense
> may include jail or imprisonment.

---

[1] As a preliminary matter, the Commonwealth argues Rule 5A:18 bars appellant from arguing on appeal that he was denied his Sixth Amendment right to counsel and right to a jury trial. We conclude from the transcript that appellant's counsel specifically objected to the introduction of Exhibits 2 and 3 because there was no evidence of a waiver of appellant's constitutional rights and that the trial judge considered and ruled on the objection.  Therefore, Rule 5A:18 does not bar our review of the merits of this appeal.  See Wright v. Commonwealth, 4 Va. App. 303, 305, 357 S.E.2d 547, 549 (1987).

> Conversely, however, a previous misdemeanor
> conviction attended by incarceration is
> constitutionally offensive and may support
> neither guilt nor enhanced punishment for a
> later offense, unless the accused either
> waived or was represented by counsel in the
> earlier proceeding.

Nicely, 25 Va. App. at 583, 490 S.E.2d at 282-83 (citing

Nichols, 511 U.S. at 746-49; Griswold, 252 Va. at 116-17, 472

S.E.2d at 790-91) (emphasis in original).

On November 22, 1995, appellant appeared in the Bedford

County General District Court and pled guilty to driving after

having been declared an habitual offender. On that occasion,

appellant signed a form entitled "WAIVER OF RIGHT TO BE

REPRESENTED BY A LAWYER (CRIMINAL CASE)." Following his

conviction in the general district court, appellant noted his

appeal to the circuit court. At the trial de novo, appellant

did not appear and was not represented by counsel. The circuit

court noted that the "defendant was called three times but did

not appear either in person or by counsel and the record

reflects that the defendant had notice of this date and time for

trial."[2] Therefore, the circuit court concluded: "By his

---

[2] We do not address appellant's contention that his failure to appear in the Bedford County Circuit Court was because he was incarcerated at the time. This argument raises no constitutional questions and constitutes a collateral attack not subject to review. See James v. Commonwealth, 18 Va. App. 746, 750-51, 446 S.E.2d 900, 903 (1994) (holding that a judgment in a criminal case may not be collaterally attacked in another criminal proceeding and that the "presumption of regularity" applies even when a collateral attack rests on constitutional grounds).

failure to appear to go forward with the appeal upon motion of the Attorney for the Commonwealth, <u>the defendant is deemed to have withdrawn his appeal</u> . . . ." (Emphasis added). The circuit court reinstated the lower court's sentence. It is in this procedural posture that we review whether the Commonwealth established that appellant knowingly and intelligently waived his constitutional right to counsel and whether the Bedford conviction was valid.

The Bedford County Circuit Court "deemed" appellant's failure to appear as the functional equivalent of a "withdrawal of appeal" under Code § 16.1-133. That section provides:

> [A]<u>ny person convicted</u> in a general district court, a juvenile and domestic relations district court, or a court of limited jurisdiction of an offense not felonious may, at any time before the appeal is heard, withdraw an appeal which has been noted, pay the fine and costs to such court, and serve any sentence which has been imposed.
>
> A person withdrawing an appeal <u>shall give written notice of withdrawal</u> to the court and counsel for the prosecution prior to the hearing date of the appeal. If the appeal is withdrawn more than ten days after conviction, the circuit court shall forthwith enter an order affirming the judgment of the lower court and the clerk shall tax the costs as provided by statute. Fines and costs shall be collected by the circuit court, and all papers shall be retained in the circuit court clerk's office.
>
> Where the withdrawal is within ten days after conviction, no additional costs shall be charged, and the judgment of the lower

                    court shall be imposed without further
                    action of the circuit court.

Code § 16.1-133 (emphasis added).

     "'Where a statute is unambiguous, the plain meaning is to
be accepted without resort to the rules of statutory
interpretation.'"  Sykes v. Commonwealth, 27 Va. App. 77, 80,
497 S.E.2d 511, 512 (1998) (quoting Last v. Virginia State Bd.
of Med., 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992)).
"'"Courts are not permitted to rewrite statutes.  This is a
legislative function.  The manifest intention of the
legislature, clearly disclosed by its language, must be
applied."'"  Id. at 80-81, 497 S.E.2d at 512-13 (quoting Barr v.
Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d
672, 674 (1990) (quoting Anderson v. Commonwealth, 182 Va. 560,
566, 29 S.E.2d 838, 841 (1944))).

     Code § 16.1-133 is clear.  It provides that only the
accused has the right to withdraw his or her appeal to the
circuit court.  If the written notice of withdrawal is filed
within ten days after conviction in the general district court,
no additional costs or fines may be assessed, and the judgment
of the lower court is imposed.  If the appeal is withdrawn more
than ten days after conviction, the circuit court may assess
additional costs.  However, nothing in the Code or case law
allows the circuit court, upon its own motion, to withdraw a de

_novo_ appeal to the circuit court and reinstate the judgment of the general district court.

Under the circumstances presented in this appeal, the Bedford County Circuit Court was required to proceed under Code § 19.2-258, which provides that when the accused fails to appear in the circuit court on a misdemeanor charge, the accused may be tried in his or her absence. Code § 19.2-258 provides, in relevant part:

> When a person charged with a misdemeanor has been admitted to bail or released upon his own recognizance for his appearance before a court of record having jurisdiction of the case, for a hearing thereon and fails to appear in accordance with the condition of his bail or recognizance, _he shall be deemed to have waived trial by a jury and the case may be heard in his absence as upon a plea of not guilty_.

Code § 19.2-258 (emphasis added).

The evidence established that appellant failed to appear in the circuit court. However, the evidence failed to prove that he withdrew his _de novo_ appeal. After the case had been appealed and was before the circuit court for a _de novo_ hearing, the court had no authority to reinstate the judgment of the general district court. Under these facts, the Bedford County Circuit Court could have tried appellant in his absence and, if the evidence was sufficient, convicted him of driving after having been declared an habitual offender. However, without appointing counsel, the circuit court could not have sentenced

- 9 -

appellant to a term of imprisonment.  See Griswold, 252 Va. at 117, 472 S.E.2d at 791 ("[W]e think the Supreme Court made it plain, if it had not done so already, that there is no constitutional right to counsel in a misdemeanor case unless the conviction results in 'actual imprisonment.'" (emphasis added)); cf. Nichols, 511 U.S. at 743 (noting that "where no sentence of imprisonment was imposed, a defendant charged with a misdemeanor had no constitutional right to counsel").

The Virginia Supreme Court has held that the burden is on the Commonwealth "to prove the essentials of a waiver of the right to counsel by clear, precise and unequivocal evidence." Lemke v. Commonwealth, 218 Va. 870, 873, 241 S.E.2d 789, 791 (1978).  The United States Supreme Court has held that "[p]resuming waiver from a silent record is impermissible.  The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer.  Anything less is not waiver." Carnley v. Cochran, 369 U.S. 506, 516 (1962) (emphasis added); see also Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (holding that there is a presumption against a defendant's waiver of any constitutional rights).

Here, the Bedford County Circuit Court "reinstated" an order of conviction without any authority for doing so and imposed a period of incarceration without the defendant having been represented by counsel or having waived his right to

- 10 -

counsel in the de novo appeal.  Because the Bedford County conviction was entered without authority and without the representation or waiver of counsel, the conviction is void and cannot be relied upon as a predicate offense.

In the instant case, the trial court relied upon a void conviction to prove the predicate first offense.  We conclude that because appellant's misdemeanor conviction was uncounseled, which resulted in a thirty-day jail sentence, and the conviction was reinstated without authority for doing so, it was improperly used as the predicate offense.  Accordingly, we reverse appellant's conviction and remand for further proceedings if the Commonwealth be so advised.[3]

Reversed and remanded.

---

[3] Because we reverse appellant's conviction for the failure to prove a valid waiver of counsel, we do not address his additional contention that he was also denied his right to a jury trial.  But see Code § 19.2-258 (When a defendant fails to appear in the circuit court on a misdemeanor charge, "he shall be deemed to have waived trial by a jury and the case may be heard in his absence as upon a plea of not guilty." (emphasis added)).