**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mariano ROBLES–SANDOVAL,**
**Defendant–Appellant.**

**No. 80–1363.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1980.

Decided Jan. 26, 1981.

David M. Ochoa, Asst. Federal Public Defender, Phoenix, Ariz., for defendant–appellant.

Stephen M. Dichter, Asst. U. S. Atty., Tucson, Ariz., for plaintiff–appellee; Daphne Budge, Asst. U. S. Atty., Phoenix, Ariz., on brief.

Before MERRILL and NORRIS, Circuit Judges, and QUACKENBUSH,* District Judge.

MERRILL, Circuit Judge:

This appeal is taken from conviction of the crime of illegal re–entry to the United States after deportation, a violation of Title 8 U.S.C. § 1326.

On May 17, 1979, appellant was deported from the United States to Mexico. On April 2, 1980, he was indicted by a federal grand jury in Phoenix, Arizona, for illegal re–entry. He filed a motion to dismiss the indictment on the ground that § 1326 is unconstitutional. The motion was denied. The case was tried to the court on stipulated facts, and defendant was found guilty. This appeal followed.

On appeal, appellant renews his contention that § 1326 is unconstitutional as a violation of his right to due process under the Fifth Amendment to the United States Constitution. He does not challenge the constitutionality of the administrative proceeding which led to his concededly valid deportation in May, 1979. Rather he argues that because the deportation hearing did not meet the strict standards of criminal due process, the deportation is invalid for the purpose of forming the sole basis to support guilt or enhance punishment in a subsequent criminal proceeding under § 1326. Appellant argues by analogy to those cases holding that uncounseled prior convictions cannot be used to support guilt or enhance punishment because of their inherent unreliability. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). *See Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), concurring opinions of Justice Stewart and Justice Marshall, *but see* dissenting opinion, Justice Powell.[1]

The cases on which appellant relies all deal with the right to counsel in criminal proceedings, an area of the law crowded with authority having little force beyond the area itself. Moreover, in those cases the validity of the prior conviction was at issue. Here, the validity of the deportation order is not questioned. It validly created the status of deportee for appellant and did so with all the procedural safeguards due him. *See United States v. Gasca–Kraft*, 522 F.2d 149 (9th Cir. 1975). If, as in the criminal cases on which appellant relies, the underlying proceeding had been flawed, this case would be entirely different.

Judgment affirmed.

---

* Honorable Justin L. Quakenbush, United States District Judge of the Eastern District of Washington, sitting by designation.

1. The Court in *Baldasar* divided in such a way that no rule can be said to have resulted. Four justices concluded that an uncounseled misdemeanor conviction valid when entered (in that the defendant was not sentenced to imprisonment, *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979)), could not be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term. Four justices concluded that since the original misdemeanor conviction was perfectly valid when entered, and the defendant was represented by counsel in the second trial, the enhancement was not unconstitutional. Justice Blackmun, the ninth justice, reverted to his views expressed in dissent in *Scott v. Illinois, supra*, 440 U.S. at 369, 99 S.Ct. at 1160, that the right to counsel in misdemeanor cases should attach where the crime is punishable by imprisonment for more than six months. Since Baldasar's first misdemeanor was so punishable, Justice Blackmun concluded that the first misdemeanor was invalid for all purposes and for that reason could not serve as enhancement.