### Richmond

TIMMY JOE SARGENT

v.

COMMONWEALTH OF VIRGINIA

No. 1499-85

Decided October 6, 1987

COUNSEL

Thomas E. Burks, for appellant.

Margaret Poles Spencer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLE, J. — Timmy Joe Sargent was tried by jury and convicted of driving under the influence of intoxicants (DUI), his third offense within five years. The trial court imposed a $1,000 fine and a three month jail sentence. In this appeal Sargent contends that the trial court erroneously relied upon two prior convictions in Prince William County General District Court to enhance the punishment for his DUI conviction in violation of his rights under the United States and Virginia Constitutions. We conclude that the prior convictions were improperly relied upon to enhance punishment and reverse.

On the morning of the trial, October 25, 1985, Sargent by motion sought to prohibit the Commonwealth from introducing into evidence certified copies of the records of the two prior convictions for driving under the influence of intoxicants in violation of § 13-240 of the Code of Prince William County, which adopts by reference Code §§ 18.2-266 and 18.2-270. Sargent's two prior offenses occurred on July 11, and July 23, 1982, and he was convicted on September 1, and September 21, 1982, respectively. On September 1, 1982, he was sentenced to a $200 fine and twelve months license suspension. On September 21, 1982, he was sentenced to a $200 fine and a six months license suspension. In each conviction, the record consisted of a copy of the Virginia Uniform Traffic summons, a Warrant of Arrest, and a form entitled Judgment of the Court, all certified to as a copy *teste* by a deputy clerk of the Prince William County General District Court. The forms contain spaces to indicate the plea of the defendant and the name of his attorney, but these spaces were left blank in both cases. In each case the name of the Commonwealth's attorney was written on the form. The record does not disclose whether these forms constitute the complete records from the general district court. Without objection, the trial court deferred a ruling on the motion to suppress until after the trial. At the conclusion of the trial, defense counsel moved the court to set aside the jury verdict on the ground that uncounseled misdemeanor convictions were used to enhance punishment. The court overruled both the motion to suppress and the

motion to set aside the verdict, relying upon the authority of *McClure v. Commonwealth,* 222 Va. 690, 283 S.E.2d 224 (1981). Sargent was convicted as charged and sentenced.

The predominant issue in this case is whether the two misdemeanor convictions in Prince William County for driving under the influence of intoxicants can be used to enhance punishment for a third DUI offense under Code § 18.2-270.[1]

"It is well settled that the right of an accused to have effective assistance of counsel is guaranteed by the due process clause of the Federal Constitution and the Virginia Bill of Rights." *Morris v. Smyth,* 202 Va. 832, 833, 120 S.E.2d 465, 466, *cert. denied,* 371 U.S. 849 (1962); *see Gideon v. Wainwright,* 372 U.S. 335, 344 (1963). In *Argersinger v. Hamlin,* 407 U.S. 25, 37 (1972), the Supreme Court held: "[N]o person may be imprisoned for any offense . . . unless he was represented by counsel at his trial," rejecting the argument that the right to counsel applied only to nonpetty offenses where the defendant had a right to a jury trial. Seven years later, in *Scott v. Illinois,* 440 U.S. 367 (1979), the Supreme Court "conclude[d] . . . that *Argersinger* did indeed delimit the constitutional right to appointed counsel in state criminal proceedings" and "adopt[ed] . . . actual imprisonment as the line defining constitutional right to appointment of counsel." *Id.* at 373 (footnotes omitted). Thus, based on *Scott,* appointed counsel is not required in misdemeanor cases if imprisonment is not imposed.

Neither *Argersinger* nor *Scott* addressed the question whether a valid uncounseled misdemeanor conviction, not resulting in imprisonment, could be used for collateral purposes. This issue arose in *Baldasar v. Illinois,* 446 U.S. 222 (1980). Baldasar was convicted of misdemeanor theft in May 1975, fined $159 and placed on probation for one year. Under Illinois law, this offense was punish-

---

[1] Code § 18.2-270 makes a first DUI offense a Class I misdemeanor. Code § 18.2-11 provides that upon conviction of a Class I misdemeanor the defendant may be sentenced to confinement in jail for not more than twelve months and fine of not more than $1,000. For a second offense committed within five years of the first offense, the defendant shall be punished by a fine of not less than $200 nor more than $1,000, and a jail sentence of not less than one month nor more than one year; forty-eight hours of the jail sentence may not be suspended. For a third offense within five years, the defendant shall be punished by a fine of not less than $500 nor more than $1,000, and a jail sentence of not less than two months nor more than one year; thirty days of the jail sentence may not be suspended.

able by not more than one year imprisonment and a fine of $1,000. A second conviction for the same offense, however, was a felony with a prison term of one to three years. The record indicated that Baldasar was not represented by counsel in the first case and did not waive his right to counsel. In August 1976, he was tried for another theft, second offense, and the prior conviction was introduced into evidence to enhance the offense to a felony. He was convicted of the felony charge and sentenced to prison for one to three years. Five Justices agreed, but for different reasons, that, although an uncounseled misdemeanor conviction is constitutionally valid if the defendant is not imprisoned, such a conviction may not be used to convert a subsequent misdemeanor into a felony with an enhanced prison term. Baldasar's uncounseled misdemeanor conviction resulted only in a fine plus probation, yet a majority of the Court held it could not be used to support a subsequent felony conviction with enhanced punishment. *Id.* at 223-24. State and federal courts have been attempting to determine the scope of the *Baldasar* decision given the absence of a majority opinion and the fact that under Illinois law the prior misdemeanor conviction increased the authorized maximum sentence for the offense beyond what it would have been for a first offense.

Sargent contends that the court records introduced do not affirmatively show that he was represented by counsel at either trial, that he was advised of his constitutional right to counsel, or that he knowingly and intelligently waived his sixth amendment right to counsel. He further argues that since the records of the two convictions do not reflect a knowing and intelligent waiver, the Commonwealth has the burden of proving a waiver of his right to counsel; once the Commonwealth fails to meet its burden of proof to show a waiver, then the convictions cannot be used to enhance the crime or punishment for a subsequent offense.

The Commonwealth claims that Sargent's prior DUI convictions are valid uncounseled misdemeanor convictions and were properly used to convict and sentence him as a third offender under Code § 18.2-270. It claims that this is a proper collateral use of the convictions, not prohibited by *Baldasar*. It further contends that since the conviction records established that the prior convictions were valid, it need not address Sargent's claim that the Commonwealth had to prove the waiver of counsel, since he

had no right to counsel at those proceedings, and the prior convictions, even if uncounseled, were valid.

■ The rule is well established that "in every criminal case the evidence of the Commonwealth must show, beyond a reasonable doubt, every material fact necessary to establish the offense for which a defendant is being tried. This burden of proof never shifts." *McGhee v. Commonwealth*, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978). "Any rule of state law which has the ultimate effect of shifting the burden of persuasion to the accused upon this critical issue is constitutionally infirm." *Id.* at 562, 248 S.E.2d at 810 (quoting *Hodge v. Commonwealth*, 217 Va. 338, 341, 228 S.E.2d 692, 695 (1976)).

When the Prince William County convictions occurred in 1982, Code § 19.2-157 provided "[w]henever a person charged with a criminal offense the penalty for which may be . . . confinement in . . . jail . . . the court shall inform him of his right to counsel." At the same time, Code § 19.2-160 provided:

> If the charge against the accused is a misdemeanor the penalty for which may be by confinement in jail, and the accused is not represented by counsel, the court shall ascertain by oral examination of the accused whether or not the accused desires to waive his right to counsel.
>
> In the event the accused desires to waive his right to counsel, and the court ascertains that such waiver is voluntary and intelligently made, then the court shall provide the accused with a statement which shall contain the following:
>
> I have been advised this . . . day of . . ., 19. . ., by the (name of court) court of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that, if I am unable to afford counsel, one will be appointed for me.
>
> Understanding my right to have counsel appointed for me, I wish to waive that right and have the court proceed with my case without an attorney being appointed for me.
>
> I hereby waive my right to have counsel appointed for me in this court, voluntarily and of my own free will, without

any threats, promises, force or undue influence.
. . . . . . . . . . . . . . . . . . . . . . .
(Signature of Accused)

In both convictions the record is silent concerning compliance with Code §§ 19.2-157 and 19.2-160. The records fail to show that the trial court advised Sargent of his right to counsel, or that Sargent did, in fact, have counsel. The records do not contain the statements required by Code § 19.2-160. Therefore, we have none of the information that the forms would have provided and we do not have the waiver of rights specifically called for by the statement.

■■■ In discussing the denial of an accused's sixth amendment right to counsel, the Supreme Court has held that "[t]he burden is on the Commonwealth to prove waiver of the right to counsel by clear, precise and unequivocal evidence." *Van Sant v. Commonwealth*, 224 Va. 269, 273, 295 S.E.2d 883, 885 (1982) (citing *Lemke v. Commonwealth*, 218 Va. 870, 873, 241 S.E.2d 789, 791 (1978)). The Supreme Court of the United States said in *Johnson v. Zerbst*, 304 U.S. 458 (1938): "It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.'" *Id.* at 464-65 (quoting *Ohio Bell Telephone Co. v. Public Utilities Commission*, 301 U.S. 292, 307 (1937)). "Presuming waiver from a silent record is impermissible. The record must show that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran*, 369 U.S. 506, 516 (1962).

Upon our review of the record, we must conclude that the Commonwealth failed to prove Sargent was represented by counsel in either of the convictions in Prince William County; we also conclude that the Commonwealth failed to prove he waived his right to counsel. We find that the two prior uncounseled misdemeanor convictions, although valid convictions since no jail time was imposed, cannot be used under an enhanced penalty statute such as Code § 18.2-270. Although *Baldasar*, narrowly interpreted, involved a factual situation in which the question was "whether such a conviction may be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison

term," we believe that the decision has broader implications. In *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972), the Supreme Court rejected the contention that the constitutional right to counsel was applicable only to nonpetty offenses where the accused had a right to a jury trial, and found that "no person may be imprisoned for any offense . . . unless he was represented by counsel at his trial." The fact of the prison term rather than the classification of the offense as a felony or misdemeanor is the predicate upon which rests the decision whether the conviction can be used for purposes of enhancement. Justice Marshall, in a concurring opinion in *Baldasar*, said:

> [A] conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat offender statute . . . . To the contrary, a rule that held a conviction invalid for imposing a prison term directly, but valid for imposing a prison term collaterally, would be illogical and unworkable deviation from our previous cases.

*Baldasar*, 446 U.S. at 228-29. We assume, as we believe we must, that while Sargent's sentence was within the range of permissible sentence for a first offense (thus, distinguishing his case from *Baldasar*), he was in fact tried and convicted of a *third* DUI offense within five years of the first offense. Evidence of the two prior convictions was presented. Under such circumstances, we must assume that the *three* month sentence was imposed *because* the conviction was for a third offense; thus Sargent was sentenced to an increased term of imprisonment *because* of the prior uncounseled (albeit valid) misdemeanor convictions. This result, we believe, is and should be prohibited.

We do not intend to imply that *Baldasar* prohibits all collateral uses of uncounseled misdemeanor convictions. For example, uncounseled convictions have been admitted for collateral purposes in the following cases: *Lewis v. United States*, 445 U.S. 55 (1980) (holding an unconstitutional uncounseled felony conviction could serve as the basis for classifying an individual as a convicted felon and subjecting him to a criminal liability for possession of firearms); *Griffin v. Blackburn*, 594 F.2d 1044 (5th Cir. 1979) (holding that evidence of prior uncounseled misdemeanor convictions

for which imprisonment was not imposed may be used for impeachment purposes); *White v. King*, 700 S.W.2d 152 (Mo. Ct. App. 1985) (holding that prior uncounseled convictions for driving while intoxicated may be used to invoke provisions of statute permitting forfeiture of driver's license by administrative agency).

There are numerous other state court decisions holding that prior uncounseled misdemeanor convictions for driving under the influence of intoxicants cannot be used to enhance punishment to mandatory imprisonment as a subsequent DUI offender. *See Pananen v. State*, 711 P.2d 528 (Alaska Ct. App. 1985); *Lovell v. State*, 678 S.W.2d 318 (Ark. 1984); *State v. Priest*, 722 P.2d 576 (Kan. 1986); *Ratliff v. Commonwealth*, 719 S.W.2d 445 (Ky. Ct. App. 1986); *State v. Wiggins*, 399 So. 2d 206 (La. 1981); *State v. Orr*, 375 N.W.2d 171 (N.D. 1985); *see also State v. Cooper*, 343 N.W.2d 485 (Iowa 1984) (holding that two prior uncounseled convictions for theft prevented the state from convicting defendant of theft in the third degree); *State v. Novak*, 318 N.W.2d 364 (Wis. 1982) (holding *Baldasar* not applicable to a second DUI conviction where the defendant was not represented by counsel at his first conviction, but the first conviction was not a criminal offense but a mere civil forfeiture case); *contra Moore v. State*, 181 Ga. App. 548, 352 S.E.2d 821 (1987).

In this case, the trial judge based his decision upon *McClure v. Commonwealth*, 222 Va. 690, 283 S.E.2d 224 (1981). The Commonwealth relies upon *McClure* as well as *Schindler v. Clerk of Circuit Court*, 715 F.2d 341 (7th Cir. 1983), *cert. denied*, 465 U.S. 1068 (1984); *Commonwealth v. Thomas*, 510 Pa. 106, 507 A.2d 57 (1986); *Santillanes v. United States Parole Commission*, 754 F.2d 887 (10th Cir. 1985); *Thompson v. Estelle*, 642 F.2d 996 (5th Cir. 1980); *United States v. Robles-Sandoval*, 637 F.2d 692 (9th Cir.), *cert. denied*, 451 U.S. 941 (1981); *Charles v. Foltz*, 741 F.2d 834 (6th Cir. 1984), *cert. denied*, 469 U.S. 1193 (1985), claiming that the courts in these cases addressed the validity issue under *Baldasar* and each held that prior valid convictions could be used for collateral purposes. These cases are easily distinguishable because the collateral purposes were not criminal in nature, and the prior convictions were not offered to enhance guilt or punishment under a criminal enhancement statute. The trial court relied heavily upon *McClure* to support its decision, but habitual offender cases in Virginia are civil in nature. In *McClure*

the Supreme Court distinguished *Baldasar* as follows:

> We feel that nothing in *Baldasar* mandates a reversal of
> the position we took in *Whorley*. In *Whorley*, we recognized
> that the "direct or collateral consequences [of an uncoun-
> seled misdemeanor conviction] which relates to the loss of
> liberty and imprisonment," cannot stand. However, we went
> on to say that "[a]n uncounseled misdemeanor conviction
> . . . is not invalid *per se*, and consequential civil disabilities
> are not invalid."

222 Va. at 693, 283 S.E.2d at 225 (quoting *Whorley*, 215 Va. at
744, 214 S.E.2d at 450). *Baldasar* held that prior uncounseled
convictions cannot be used to enhance punishment in a criminal
case. It culminates development of the law commenced in *Gideon*
which held that under the sixth and fourteenth amendments the
right to assistance of counsel is fundamental to a fair trial. The
Supreme Court of Virginia in *McClure* specifically stated that it
recognized that the collateral consequences of an uncounseled
misdemeanor conviction resulting in the loss of liberty and impris-
onment in a criminal case was infirm, but held that the same rule
of law was not applicable in a civil case. Therefore, *McClure* is
clearly distinguishable on its facts.

The other cases relied upon by the Commonwealth are not per-
suasive because they too are distinguishable. In *Schindler v. Clerk
of Circuit Court*, 715 F.2d 341 (7th Cir. 1983), the first offense of
operating a motor vehicle under the influence of intoxicants under
Wisconsin law was civil in nature, resulting only in a civil forfei-
ture of a sum of money. The court correctly permitted the collat-
eral use of this uncounseled civil forfeiture for sentencing the de-
fendant as a repeat offender. In *Santillanes v. United States
Parole Commission*, 754 F.2d 887 (1985), the court held that
since the regulations of the parole commission allowed forfeiture
of "street time" only upon conviction of a new offense, the use of
a constitutionally invalid conviction of drunk driving was im-
proper. Since the trial court held no constitutional issue was pre-
sent, the appellate court reversed for a determination of the valid-
ity or invalidity of the conviction.

In *United States v. Robles-Sandoval*, 637 F.2d 692 (9th Cir.
1981), *cert. denied*, 451 U.S. 941 (1982), the court allowed a de-

portation order issued after an uncounseled administrative hearing to serve as a basis for a criminal proceeding charging an alien with illegal entry into the United States. Here again, the original deportation order was civil in nature rather than criminal. In *Thompson v. Estelle*, 642 F.2d 996 (5th Cir. 1980), the court held that admission of a prior uncounseled misdemeanor conviction at the punishment stage of the defendant's trial was harmless error in the light of the defendant's overwhelming guilt. No persuasive argument being given to support the decision, we do not agree with *Commonwealth v. Thomas*, 510 Pa. 106, 507 A.2d 57 (1986).

We hold that the two prior (albeit valid) uncounseled misdemeanor convictions in the Prince William County General District Court cannot be used for enhancement purposes under Code § 18.2-270. Therefore, the trial court erred in finding the defendant guilty of the third offense. This holding is in keeping with the teaching of *Baldasar* and with our belief that the assistance of counsel is often a requisite to the existence of a fair trial.

The Commonwealth further advances a procedural defense to this appeal. It argues that Sargent should have raised his constitutional claim at least seven days prior to the trial in accordance with Rule 3A:9(b)(1) and (c), and his failure to timely raise the issue in the trial court precludes our consideration of the claim. The Rule provides in pertinent part:

(b) The Motion Raising Defenses and Objections:

(1) Defenses and Objections That Must be Raised Before Trial. — Defenses and objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried, other than that it fails to show jurisdiction in the court or to change the offense, must be raised by motion made with the time prescribed by paragraph (c) of this Rule. The motion shall include all such defenses and objections then available to the accused. Failure to present any such defense or objection as herein provided shall constitute a waiver thereof.

* * *

(c) Time of Filing Notice or Making Motion. — A motion referred to in subparagraph (b)(1) shall be filed or made before a plea is entered and, in a circuit court, at least 7 days before the day fixed for trial, and a copy of such motion shall, at the time of filing, be mailed to the judge of the circuit court who will hear the case, if known.

This rule applies to "objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried, other than that it fails to show jurisdiction in the court or to change the offense." This Rule is not applicable to the issues involved in this case by its very language. We find no merit in this argument.

 Sargent has requested that his case be remanded to the trial court for a new trial on the charge of driving under the influence of intoxicants, first offense, and not as a third offender as originally charged. It has been established by numerous cases that where the trial court has committed error, an appellate court will not reverse the judgment on the ground of such error unless it affirmatively appears that the error affected the merits of the case. *Reid v. Commonwealth*, 213 Va. 790, 795-96, 195 S.E.2d 866, 870-71 (1973); Code § 8.01-678.

Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Delaware v. Van Arsdall*, 475 U.S. 673, 674 (1986) (citations omitted).

 "Before a federal constitutional error may be held harmless, the error must be found to be harmless beyond a reasonable doubt, at least in criminal cases." C. Friend, *The Law of Evidence*

*in Virginia* § 7 (2d ed. 1983); *see Reid*, 213 Va. at 796, 195 S.E.2d at 871. Error will be presumed to be prejudicial unless it plainly appears that it could not have affected the result. *Joyner v. Commonwealth*, 192 Va. 471, 477, 65 S.E.2d 555, 558 (1951).

Applying these standards to the facts and circumstances of this case, we find that the errors in admitting the two uncounseled misdemeanor convictions at the guilt phase of the case were prejudicial. We are unable to say that these errors were harmless beyond a reasonable doubt and could not have affected the outcome of the case.

Sargent was not actually imprisoned as a result of either of his prior convictions. These convictions are, therefore, constitutionally valid under *Scott v. Illinois*, 440 U.S. 367 (1979). Sargent could not constitutionally have been imprisoned for either one of his previous convictions unless he was represented by counsel or waived his right to such representation. The Supreme Court's decision in *Baldasar* prohibits the Commonwealth now from doing indirectly what it could not accomplish directly in the case of either of Sargent's two prior convictions. The Commonwealth cannot now rely on these prior uncounseled convictions to enhance the punishment, causing Sargent to be imprisoned for his third DUI conviction even though he was represented by counsel on the third offense.

For the foregoing reasons, the conviction is reversed and the case is remanded for a bifurcated trial as a first offender under Code § 18.2-266.

*Reversed and remanded.*

Koontz, C.J., and Benton, J., concurred.