## Salem

JAMIE ALLEN WEBB, s/k/a/ JAMES ALLEN WEBB

v.

COMMONWEALTH OF VIRGINIA

No. 0158-92-3

Decided October 12, 1993

COUNSEL

Victoria Huber Robison, Assistant Public Defender (Office of the Public Defender, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—Jamie Allen Webb (Webb) appeals his conviction for shoplifting under Code § 18.2-103. On appeal, Webb contends that the trial court erred in enhancing his punishment under the provisions of Code § 18.2-104(b). Relying on *Sargent v. Commonwealth,* 5 Va. App. 143, 360 S.E.2d 895 (1987), Webb alleges that the trial court erred in using prior, uncounseled convictions and subsequent, counseled convictions to enhance his punishment. Because the record shows that in enhancing the punishment level the trial court relied solely upon two prior, counseled convictions, we affirm.

On May 20, 1991, an indictment in the Pulaski County Circuit Court charged Webb with shoplifting. The indictment further alleged that Webb had four prior felony shoplifting convictions and three prior misdemeanor shoplifting convictions, all in Pulaski County. Shoplifting, normally a misdemeanor, is a Class 6 felony when the defendant has two or more prior larceny convictions. Code § 18.2-104. At trial, the Commonwealth entered into evidence certified copies of orders pertaining to Webb's criminal record.

These documents showed the following prior convictions:

November 13, 1979 - misdemeanor shoplifting
March 11, 1980 - misdemeanor shoplifting
November 16, 1981 - misdemeanor shoplifting
November 22, 1982 - felony shoplifting
November 22, 1982 - felony shoplifting
November 15, 1985 - felony shoplifting
March 11, 1987 - felony shoplifting

Upon defense counsel's request, copies of the records of these convictions became part of the trial court's record. The trial court found Webb guilty of the offense charged, relying on Webb's November 22, 1982 felony convictions to support the enhancement.

■ Relying on *Sargent,* Webb contends that the trial court could not properly rely on any of his prior misdemeanor or felony shoplifting convictions to enhance his punishment. In *Sargent,* we held that prior uncounseled convictions, though valid in themselves, could not operate to enhance punishment for a subsequent offense. 5 Va. App. at 153, 360 S.E.2d at 901. Webb alleges that he did not have counsel for the three misdemeanor convictions. The misdemeanor convictions, if uncounseled, cannot be used to support enhanced punishment for subsequent convictions.

Webb further alleges that even though he had counsel during the prosecution of his four subsequent felony convictions, these convictions cannot be used to enhance his punishment for the present offense. Webb argues that the felony convictions were based on the prior uncounseled misdemeanor convictions, thus invalidating their use to enhance subsequent offenses. We disagree.

■ To trigger the enhanced penalty provision of Code § 18.2-104(b), the Commonwealth must prove that the defendant has two prior larceny convictions under Code §§ 18.2-95, 18.2-96, or 18.2-103. The only restriction as to the "like offenses" within the statute is geographical, that is, the convictions must have occurred "in the Commonwealth of Virginia." *Scott v. Commonwealth,* 217 Va. 425, 427-28, 230 S.E.2d 236, 238 (1976) (decision under former Code § 18.1-126.1).

■ *Sargent* added the requirement that the record of the prior convictions should reflect that the accused had the benefit of counsel (or validly waived such right) during the prosecution. 5 Va. App. at 155, 360 S.E.2d at 902. Neither the Code nor *Sargent* requires a trial court to consider the appropriateness of the level of punishment assessed for the prior convictions. To the contrary, in *Sargent* we held that the predicate for using a prior conviction to enhance punishment is the validity of that prior conviction with respect to a sentence involving imprisonment (*i.e.,* that the defendant had the benefit of counsel), rather than the classification of the prior offense as a felony or misdemeanor. *Id.* at 150, 360 S.E.2d at 899.

The record reflects that the Commonwealth satisfied the requirements of Code § 18.2-104(b) by presenting evidence of seven convictions. The trial court subjected Webb to the enhanced penalty by specifically selecting two convictions for which Webb had the assistance of counsel, thus complying with *Sargent.* Consequently, Webb's

contention that our decision in *Sargent* requires reversal of his conviction has no merit.

For these reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Moon, C.J., and Barrow, J., concurred.