**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julio Antonio MONTOYA–ORTIZ,**
**Defendant–Appellant.**

No. 00–50576.

D.C. No. CR 00–00061–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2001.

Withdrawn July 16, 2001.

Resubmitted May 29, 2002.

Decided June 3, 2002.

**304**

Before ALARCON, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Julio Antonio Montoya–Ortiz ("Montoya") appeals his conviction under 8 U.S.C. § 1326 for illegal reentry into the United States after removal. Montoya argues that his underlying removal was invalid because it resulted from an impermissible retroactive application of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546. We affirm the conviction and sentence.

### Background

In 1994, Montoya, a lawful permanent resident, pled guilty to committing a lewd or lascivious act with a child under the age of 14, in violation of California Penal Code § 288(a), and sodomy of a person under age 16, in violation of California Penal Code § 286(b)(2). He was sentenced to one year in jail. As part of his guilty plea, Montoya completed a form on which he wrote his initials beside the statement: "I understand that if I am not a citizen of the United States a plea of Guilty ... could result in deportation." At the time, however, Montoya's conviction and sentence were not considered a deportable offense under the Immigration and Nationality Act ("INA").

In April 1996, Congress passed AEDPA, which, in § 440(d), eliminated the ability of lawful permanent residents convicted of aggravated felonies to seek discretionary relief from deportation under INA § 212(c). In September 1996, Congress

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

passed IIRIRA, which, *inter alia*, changed the terminology from "deportation" to "removal," and reduced the sentence required to trigger the "aggravated felony" status for a crime of violence from five years to one year.

In August 1998, after the effective dates of AEDPA and IIRIRA, the INS served Montoya with a notice to appear, alleging that he had been "convicted of an aggravated felony as defined in § 101(a)(43)" of the INA. On November 9, 1998, Montoya was found removable as an aggravated felon. Although the immigration judge ("IJ") advised Montoya of his right to file an appeal, Montoya did not file an appeal. Montoya was thereafter removed.

In 1999, Montoya was arrested in the United States and found to have been previously removed and unlawfully present in the United States in violation of 8 U.S.C. § 1326. Montoya moved to dismiss his indictment on the grounds that it unlawfully applied AEDPA and IIRIRA to him retroactively. He supported his motion with a declaration that when he had pled guilty in 1994, he had done so with the understanding that his plea would not render him ineligible for relief from deportation. (For the most part, the parties and the district court refer to Montoya's "removal" as a "deportation." We attach no importance, in the context of this case, to this choice of words.) The district court orally denied Montoya's motion at a hearing on April 3, 2000.

On April 28, 2000, Montoya entered a conditional guilty plea to the charge of reentry into the United States after removal. He reserved the right to appeal the district court's denial of his motion to dismiss the indictment. On September 8, 2000, the district court sentenced Montoya to thirty-seven months in prison and three years of supervised release. Montoya now appeals the conviction and sentence, chal-

lenging the validity of his removal order and the use of his removal as an element of a § 1326 offense.

### Discussion

Under 8 U.S.C. § 1326(d), an alien may not challenge the validity of a removal or deportation order in a criminal proceeding unless:

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

The government contends that Montoya fails to meet these statutory requirements because Montoya never appealed his removal order. Montoya counters that the government waived this exhaustion argument when it neglected to raise it before the district court. It is unclear from the record whether the government waived this argument. However, even assuming that the government waived the argument, Montoya's collateral attack fails.

Montoya alleges that his due process rights were violated in his 1998 removal proceeding by the IJ's retroactive application of 1) IIRIRA's expanded definition of "aggravated felony" and 2) AEDPA's denial of discretionary relief to aliens who commit such crimes. The Supreme Court has held that the retroactive application of IIRIRA's amended definition of "aggravated felony" is permissible. *See INS v. St. Cyr*, 533 U.S. 289, 318–19, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Although the Court held in *St. Cyr* that discretionary relief remains available to aliens whose convictions were obtained through plea agreements and who would have been eli-

gible for § 212(c) relief at the time of their plea *under the law then in effect, see id.* at 321–326, 121 S.Ct. 2271, it did not prohibit the retroactive application of AEDPA § 440(d) to aliens who were not eligible for such relief at the time of their plea. Montoya was not eligible for discretionary relief under § 212(c) at the time of his plea because he was not then deportable; he therefore could not have relied upon the availability of that relief in choosing to plead guilty. We therefore hold that Montoya's due process rights were not violated by the retroactive application of IIRIRA and AEDPA in his 1998 removal proceeding.

Montoya also argues that it is a violation of due process to use his removal as an element of a felony offense. We have already rejected this argument in *United States v. Robles–Sandoval,* 637 F.2d 692, 693 (9th Cir.1981) ("[T]he deportation order ... created the status of deportee for appellant and did so with all the procedural safeguards due him."), and *United States v. Lara–Aceves,* 183 F.3d 1007, 1012 (9th Cir.1999) (*Robles–Sandoval* stands on "firm ground"), *overruled on other grounds by United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001) (en banc).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.