**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Fernando MARTINEZ–GONZALEZ,
Defendant—Appellant.**

No. 02–50403.
D.C. No. CR–01–03087–JMF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided June 18, 2003.

Before REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## MEMORANDUM *

Fernando Martinez–Gonzalez, a deported alien, was convicted of reentering the United States after having been deported, in violation of 8 U.S.C. § 1326, and sentenced to 63 months in prison. He appeals his conviction and sentence on four grounds. We affirm.

The relevant facts are known to the parties and are discussed here only briefly and as necessary.

■ Martinez–Gonzalez first argues that the district court erred in failing to instruct the jury adequately as to his theory of the case. The district court instructed the jury to convict only if it found beyond a reasonable doubt all the elements of the offense, including that "the defendant had the conscious desire to re-enter the United States without consent." Immediately after listing the elements, the district court instructed the jury as to the defense's theory of the case, as follows:

> Now, the defendant's theory of the case is that he's not guilty of attempted re-entry of deported alien in violation of section 1326 subpart (a) of Title 8 of the United States Code because he did not purposely or consciously desire to re-enter the United States without the consent of the Attorney General. The defendant submits that he made a mistake by believing that his legal permanent resident card was valid.

That instruction is almost precisely the instruction proposed by the defense, except that the district court rejected one proposed sentence: "If you find that Mr Martinez–Gonzalez made this mistake, Mr. Martinez–Gonzalez is not guilty of the charge of attempted re-entry of deported alien." Explaining the defense theory is

of this circuit except as provided by Ninth Circuit Rule 36–3.

sufficient; the judge is not required to add that if the jury believes the facts offered by the defense in support of the theory, it must find the defendant not guilty. In short, we have never insisted that, after the judge describes the theory to the jury, he must say, "If it fits, you must acquit." The district court's instruction adequately explained the defense theory of the case. No error occurred. *See United States v. Warren*, 25 F.3d 890, 896 (9th Cir.1994).

■ Martinez–Gonzalez next asks us to reverse the district court because, he contends, it should not have permitted the government to introduce as impeachment evidence the fact of his prior conviction and sentence for a felony. Rule 609 of the Federal Rules of Evidence requires the court to evaluate whether "the probative value of admitting the evidence outweighs its prejudicial effect to the accused." Fed. R.Evid. 609. The district court made this evaluation in the proper manner, by applying the five factors set forth in *United States v. Cook*, 608 F.2d 1175, 1185 n. 8 (9th Cir.1979); *see also United States v. Jimenez*, 214 F.3d 1095, 1098 (9th Cir. 2000), and reached the conclusion that admission was proper. We review for abuse of discretion. *See id.* at 1097–98. Because credibility was a central issue at trial, we cannot say that the district court abused its discretion in admitting this evidence for impeachment purposes. *See id.*

■ Martinez–Gonzalez next argues that the district court violated his Fifth and Sixth Amendment rights by allowing his conviction to be predicated on an uncounseled removal proceeding. We have already addressed this issue and reached the opposite conclusion. *See United States v. Lara–Aceves*, 183 F.3d 1007, 1010–12 (9th Cir.1999), *overruled on other grounds by United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir.2001) (en banc); *United*

*States v. Robles–Sandoval*, 637 F.2d 692, 693 (9th Cir.1981).

Contrary to Martinez–Gonzalez's contention, these cases have not been overruled by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or *Alabama v. Shelton*, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002). As *Lara–Aceves* shows, it is deportation or removal itself, not the facts that led to deportation or removal, that is an element of § 1326. *See Lara–Aceves*, 183 F.3d at 1010. The underlying facts, therefore, need not be found by a jury to be true beyond a reasonable doubt under *Apprendi, see Apprendi*, 530 U.S. at 469, 120 S.Ct. 2348, and no right to counsel attaches at the proceeding in which those facts are decided. *Shelton* confers the right to counsel in proceedings leading to a suspended or probated sentence, where the defendant's violation of conditions of probation can result in incarceration "not for the probation violation, but for the underlying offense," *Shelton*, 535 U.S. at 662, 122 S.Ct. 1764. Because any incarceration pursuant to § 1326 is predicated not on the act or acts that resulted in deportation, but on the deportation itself (together with the other elements of the offense), *Shelton* does not convey a right to counsel in the deportation proceedings.

■ Finally, Martinez–Gonzalez argues that he could not constitutionally be sentenced to more than two years in prison. He contends that § 1326 creates three independent offenses, with maximum sentences of two, 10, and 20 years, respectively. The offense with the 20–year maximum, he asserts, has the prior commission of an aggravated felony as an *element.* Because the prior aggravated offense is an element, it must be alleged in the indictment and tried to the jury. In his case it was not; therefore, he believes,

he was convicted only of the offense for which the maximum penalty is two years.

This argument was addressed and rejected by the Supreme Court in *Almendarez–Torres v. United States,* 523 U.S. 224, 230, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Martinez–Gonzalez is aware of *Almendarez–Torres* but argues that it was overruled or narrowed to its facts by *Apprendi.* We have already held otherwise, however, in *United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2000). Martinez–Gonzalez acknowledges our decision but suggests that an en banc hearing would be desirable. We decline to initiate such a call nostra sponte.

For the foregoing reasons the decision of the district court is AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.