**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor Manuel MONTES–ANDINO,**
**Defendant–Appellant.**

No. 03–50400.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2004.*

Decided Aug. 2, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

William P. Cole, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John C. Lemon, FPD, Ramzi G. Nasser, Esq., Federal Defender's of San Diego, Inc., for Defendant–Appellant.

Before: FARRIS, KOZINSKI, and SILVERMAN, Circuit Judges.

MEMORANDUM **

■ Montes–Andino waived his *Miranda* rights and gave a statement. Thus, "[a]s to the subject matter of his statements, [he had] not remained silent at all." *Anderson v. Charles,* 447 U.S. 404, 408, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980). In his argument and cross-examination, defense counsel suggested that Montes–Andino's candor, cooperation, and failure to admit to committing a crime during questioning evidenced a lack of criminal intent. On redirect and in rebuttal, the prosecutor could properly " 'probe [Montes–Andino's] post-arrest statements and the surrounding circumstances under which they were made," ' to expose aspects of the interview, including his failure to protest, that contradicted the defense theory. *United States v. Makhlouta,* 790 F.2d 1400, 1404 (9th Cir.1986) (quoting *United States v. Ochoa–Sanchez,* 676 F.2d 1283, 1286 (9th Cir. 1982)).

■ The trial court did not abuse its discretion in admitting the redacted tape of all three of Montes–Andino's removal hearings. *See United States v. Hicks,* 103 F.3d 837, 843 (9th Cir.1996). The September 10 and 18, 2001, hearings were relevant to rebut Montes–Andino's theory that he did not understand the prior proceedings or was not given a fair opportunity to contest removal. The trial court limited the jury's consideration of the tape to what the immigration judge said. Any reference to Montes–Andino's custody status and contact with a criminal defense lawyer was oblique and made in the context of a discussion over his effort to retain counsel.

■ While the general standard requires a continuous word-for-word language translation, any lapse did not violate Montes–Andino's statutory or constitution-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

al right to an interpreter. *United States v. Long*, 301 F.3d 1095, 1105 (9th Cir.2002) (per curiam) (citing *United States v. Lim*, 794 F.2d 469, 470–71 (9th Cir.1986)). The lapse in translation occurred while the tape of the immigration hearings was played for the jury, and the trial court found that only statements made by Montes–Andino's wife went untranslated. That portion of the tape was not to be considered by the jury. The lapse therefore did not render the trial fundamentally unfair.

 The use of an uncounseled removal order to convict Montes–Andino of attempted entry after deportation did not violate the Fifth or Sixth Amendments. *See United States v. Lara–Aceves*, 183 F.3d 1007, 1010–12 (9th Cir.1999), *overruled on other grounds by United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir. 2001)(en banc); *United States v. Robles–Sandoval*, 637 F.2d 692, 693 (9th Cir.1981). Contrary to Montes–Andino's contention, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does not require a different result. It is the existence of the removal order itself, not the facts that led to removal, that form the basis for a conviction under 8 U.S.C. § 1326. *Lara–Aceves*, 183 F.3d at 1010. Thus, *Apprendi* does not require that the facts underlying removal be found by a jury beyond a reasonable doubt.

▮ Similarly, *Alabama v. Shelton*, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002), is inapposite. *Shelton* gives the right to counsel in criminal proceedings leading to a suspended sentence or probation, where the later violation of conditions of probation can result in incarceration "not for the probation violation, but for the underlying offense." 535 U.S. at 662, 122

S.Ct. 1764. Since incarceration is predicated solely on the existence of a removal order and an attempted entry with criminal intent, *Shelton* does not mandate the right to counsel in removal proceedings before the removal order can be used in prosecutions under § 1326.

There is no basis for a "cumulative error" analysis since Montes–Andino cannot demonstrate that any error occurred. *See United States v. Martinez–Martinez*, 369 F.3d 1076, 1090 (9th Cir.2004).

AFFIRMED.