COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Kelsey
Argued at Chesapeake, Virginia


NATHAN LAMONT GHEE

                                            MEMORANDUM OPINION* BY
v.        Record No. 2951-06-1            CHIEF JUDGE WALTER S. FELTON, JR.
                                                  MARCH 4, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Robert H. Knight III, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


       Following a bench trial, Nathan Lamont Ghee ("appellant") was found guilty of

concealing merchandise, in violation of Code § 18.2-103, a third or subsequent larceny offense

for the purposes of Code § 18.2-104.  On appeal, he contends the evidence introduced at trial was

insufficient to prove he had two prior larceny convictions.  He argues that a final conviction

order from the City of Norfolk General District Court memorializing a 1999 conviction for petit

larceny, which bore his name, date of birth, height, and approximate weight, but which bore a

social security number and home address that were not his, was insufficient to prove that he had

committed that predicate offense.

## I.  BACKGROUND

       Because the parties below are conversant with the record in this case, and this opinion

carries no precedential value, we cite only those facts necessary for the disposition of the appeal.

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, we "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Craddock v. Commonwealth, 40 Va. App. 539, 542-43, 580 S.E.2d 454, 456 (2003) (quoting Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003) (*en banc*)). So viewed, the evidence established that, on August 8, 2006, appellant entered a grocery store in Norfolk, placed a can of beer in his back pants pocket, passed all points of sale without paying for the beer, and was attempting to leave the store when security personnel stopped him. Norfolk police officer Ethan Love arrived at the store and requested appellant's identification. Appellant handed Officer Love an identification card that listed his name as Nathan Lamont Ghee, his social security number as 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, and his date of birth as January 5, 1978.

At trial, the Commonwealth introduced evidence of appellant's 1999 conviction order for petit larceny, a 2005 conviction order for petit larceny, and a redacted National Crime Information Center (NCIC) database report of his criminal history showing he had three prior Virginia larceny convictions. Appellant did not object to the admissibility of either the NCIC report or the 2005 conviction order. He objected, however, to the admissibility of the 1999 conviction order, arguing that the social security number and home address listed on that order were not his.

The trial court admitted the 1999 conviction order over appellant's contention that the inaccurate social security number and home address on the order rendered it insufficient proof that he was the person convicted of that predicate offense. Denying appellant's motion to strike the Commonwealth's evidence, the trial court found appellant guilty of concealing merchandise, his third or subsequent larceny conviction, stating that

> [w]ith respect to the [1999] conviction, if there's identity of a
> name, we assume it's the same person. Here we have a name

that's not a common name. It's not as if his name is John Smith. The names are the same. The dates of birth are the same. Race and sex are the same[.] I find that sufficient to establish identity.

Appellant timely appealed.

## II. ANALYSIS

"Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). We must "examine the evidence that tends to support the conviction[] and to permit the conviction[] to stand unless [it is] plainly wrong or without evidentiary support." Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citing Code § 8.01-680).

Code § 18.2-104 provides for an enhanced penalty for a conviction of concealment of merchandise in violation of Code § 18.2-103 when the accused has been previously convicted of two or more larcenies or offenses punishable as larceny. Webb v. Commonwealth, 17 Va. App. 188, 190, 436 S.E.2d 284, 285 (1993). "[T]o convict and punish an accused for successive violations, 'the prior offenses must be charged and proven.'" Nicely v. Commonwealth, 25 Va. App. 579, 582, 490 S.E.2d 281, 282 (1997) (quoting Calfee v. Commonwealth, 215 Va. 253, 255, 208 S.E.2d 740, 741 (1974)).

Here, the Commonwealth proved one of appellant's prior convictions through a 1999 conviction order that bore his name, date of birth, height, and approximate weight, but which listed a social security number and home address that were not his. Appellant argued that because the social security number, a unique identifier assigned to an individual by the United States government, on the 1999 conviction order was not his, that order was insufficient proof that he was the person convicted of that predicate offense.

Appellant testified at trial that his name was Nathan Lamont Ghee.  When he was arrested, he presented the officer an identification card bearing that name, his social security number, and date of birth.  The trial court found that "Nathan Lamont Ghee" is not a common name, such as "John Smith," and that appellant's date of birth, January 5, 1978, race, and sex were identical to the information listed on the 1999 conviction order.

The NCIC report, admitted into evidence without objection by appellant, also reflects his 1999 conviction, showing the same offense, offense date, conviction date, and trial court as reported in the 1999 conviction order to which he objected.  Although the 1999 conviction order lists a social security number and last known home address different than that shown on the identification card appellant gave to the officer, the NCIC report proved that appellant had used three different social security numbers in his prior encounters with law enforcement personnel.

We conclude, from the record on appeal, the trial court did not err in finding the Commonwealth proved beyond a reasonable doubt that appellant had been convicted of two prior larceny offenses and was subject to the enhanced penalties authorized by Code § 18.2-104.

Affirmed.