COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


KEVIN RAY MITCHEM

                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0734-09-2              JUDGE ROSSIE D. ALSTON, JR.
                                                         JANUARY 12, 2010
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                             Leslie M. Osborn, Judge

              Andrew J. Adams, Assistant Public Defender (Office of the Public
              Defender, on brief), for appellant.

              Susan M. Harris, Assistant Attorney General (William C. Mims,
              Attorney General, on brief), for appellee.


        Kevin Ray Mitchem (appellant) appeals from his conviction of felony driving under the

influence (DUI), third or subsequent offense, in violation of Code §§ 18.2-266 and 18.2-270.  On

appeal, appellant contends the trial court erred in admitting his Department of Motor Vehicles

(DMV) driving transcript as proof of a prior conviction.  Specifically, appellant argues the

presumption of validity given to DMV transcripts, articulated in Code § 46.2-384, and the

burden on appellant to rebut this presumption, violates his right to due process and his rights

under the Confrontation Clause of the Sixth Amendment to the United States Constitution.

Finding appellant failed to make these arguments before the trial court, we hold the issues are not

properly preserved for appeal.  Appellant further contends the trial court erred in denying his

motion to strike the evidence, because the DMV transcript was insufficient to prove his prior

DUI conviction, and thus insufficient to prove a third or subsequent offense.  We find the

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence sufficient to prove appellant's prior convictions, and, accordingly, we affirm appellant's conviction.

## I. BACKGROUND[1]

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

So viewed, the evidence showed that on October 27, 2007, appellant was arrested for DUI, having been convicted of DUI on two previous occasions within the past ten years. As a result, appellant was charged with DUI as a third or subsequent offense committed within a ten-year period, in violation of Code §§ 18.2-266 and 18.2-270.

At trial, the Commonwealth admitted into evidence, without objection, a certified conviction order of appellant's DUI in Fauquier County. In addition, the Commonwealth sought admission of a portion of appellant's DMV transcript to establish appellant's DUI conviction in Prince William County. Appellant objected to the admission of the DMV transcript on several grounds. First, appellant argued the transcript was inadmissible hearsay because the Commonwealth failed to lay a proper foundation. With regard to this objection, appellant's counsel also stated, "generally speaking, it's not good enough." Second, appellant argued that admission of the transcript violated the rule articulated in Sargent v. Commonwealth, 5 Va. App. 143, 360 S.E.2d 895 (1987), because the Commonwealth failed to prove appellant was represented by counsel in his prior convictions. Finally, appellant argued the Commonwealth failed to comply with the requirements of Code § 46.2-384, which governs the admission of

---

[1] As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

DMV transcripts into evidence, claiming the Commonwealth did not certify the transcript under Code § 46.2-386.[2] The trial court admitted the transcript over appellant's objections.

At the close of evidence, appellant moved to strike the evidence, again arguing that without a conviction order, the DMV transcript was insufficient to show appellant's prior DUI conviction. The trial court denied appellant's motion to strike and found appellant guilty of DUI, third or subsequent offense, in violation of Code §§ 18.2-266 and 18.2-270. This appeal followed.

## II.  ANALYSIS

On appeal, appellant argues that Code § 46.2-384 is unconstitutional because it impermissibly shifts the burden to appellant to produce evidence that he was not convicted of a prior DUI offense, thus depriving him of his due process rights. Appellant further contends the Commonwealth's use of the DMV transcript to establish its prima facie case violates the Confrontation Clause of the Sixth Amendment to the United States Constitution. Finding appellant failed to make these objections in the trial court, we hold appellant is procedurally barred from making these arguments for the first time on appeal.

Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. See Nelson v. Commonwealth, 50 Va. App. 413, 420-21, 650 S.E.2d 562, 566 (2007) (citing Rule 5A:18; Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*)). A trial court must be alerted to the

---

[2] Code § 46.2-384 provides, in pertinent part:

> In any such prosecution wherein a necessary element of the offense charged is that the defendant was previously convicted of the same or similar offense, a copy, certified as provided in § 46.2-215, of (1) the abstract of the relevant prior conviction, certified as provided in § 46.2-386, or (2) that portion of the transcript relating to the relevant prior conviction, shall be prima facie evidence of the facts stated therein with respect to the prior offense.

precise issue to which a party objects. Buck v. Commonwealth, 247 Va. 449, 452-53, 443

S.E.2d 414, 416 (1994) (holding that appellant's failure to raise the same specific arguments

"before the trial court precludes him from raising them for the first time on appeal"); see also,

Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992). "Rule 5A:18

applies to bar even constitutional claims." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494

S.E.2d 484, 488 (1998) (citing Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897,

900 (1992)). The main purpose of this rule is to ensure that the trial court and the opposing party

are given the opportunity to intelligently address, examine, and resolve issues in the trial court,

thus avoiding unnecessary appeals and reversals. Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d

736, 737 (1991) (*en banc*).

Upon review of the record in this case, appellant failed to make the specific arguments to

the trial court he now makes on appeal. At trial, appellant objected to admission of the DMV

transcript on the ground that it was inadmissible hearsay. He also claimed its admission would

be inconsistent with the rule advanced in Sargent, 5 Va. App. 143, 360 S.E.2d 895, because the

Commonwealth failed to prove appellant was represented by counsel in the prior proceeding. In

addition, appellant argued the Commonwealth failed to comply with the admissibility

requirements of Code § 46.2-384.[3] At no time did appellant contend the presumption of validity

pertaining to DMV transcripts in Code § 46.2-384 violated his due process rights or his

Confrontation Clause rights under the Sixth Amendment. Because he failed to preserve these

objections, he cannot now be heard to make this argument on appeal. See Walton v.

Commonwealth, 24 Va. App. 757, 485 S.E.2d 641 (1997) (finding the defendant's objection at

---

[3] Notably, appellant does not raise any of the issues on appeal that he raised in the trial court with regard to admission of the transcript. Thus, this opinion does not address those issues.

trial that suspension of his driver's license upon conviction for possession of marijuana violated his substantive due process rights, did not preserve for appeal his claim that the suspension violated the Eighth Amendment proscription against cruel and unusual punishment), aff'd, 255 Va. 422, 497 S.E.2d 869 (1998).

Appellant contends his argument that the Commonwealth violated the Confrontation Clause of the Sixth Amendment is not procedurally barred, in light of Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2533-34 (2009), which was decided after the trial in this case. In Melendez-Diaz, the United States Supreme Court held certificates of analysis, detailing the results of forensic testing performed on seized narcotics, are "testimonial," and, therefore, the preparer of the document is subject to confrontation by the accused. Id. at 2532. Appellant argues that applying Melendez-Diaz, this Court should find the trial court erred in admitting the DMV transcript without subjecting the preparer of the DMV transcript to cross-examination. Without deciding whether DMV transcripts are testimonial under the framework of Melendez-Diaz, we find appellant again failed to make this argument in the trial court.

"The futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial." Snurkowski v. Commonwealth, 2 Va. App. 532, 536, 341 S.E.2d 667, 669 (1986). Further, "it is undisputed that a criminal defendant can waive the right to confrontation." Magruder v. Commonwealth, 275 Va. 283, 302, 657 S.E.2d 113, 122 (2008), cert. granted sub nom. Briscoe v. Virginia, 129 S. Ct. 2858 (2009); see Brookhart v. Janis, 384 U.S. 1, 4 (1966); Bilokur v. Commonwealth, 221 Va. 467, 473, 270 S.E.2d 747, 751-52 (1980). Appellant asserted at trial that the DMV transcript was hearsay, not that it violated his rights under the Confrontation Clause. The trial court was not given any indication that appellant sought to cross-examine the DMV Commissioner regarding the accuracy of the transcript. In fact, appellant's argument at trial was that the Commonwealth did not lay a proper foundation for

admission of the transcript as a business record and that "generally speaking, it's not good enough." Rule 5A:18 requires that objections to a trial court's action or ruling be made *with specificity* in order to preserve an issue for appeal. Nelson, 50 Va. App. at 420-21, 650 S.E.2d at 566 (citing Rule 5A:18; Edwards, 41 Va. App. at 760, 589 S.E.2d at 448). Appellant's objection, by its very wording, is a "general" objection and thus does not come close to the specificity required to preserve an issue for appeal. Accordingly, we need not decide whether Melendez-Diaz applies to the facts of this case because appellant did not properly preserve the issue for appeal.

Because the requirements of Rule 5A:18 have not been met, we will not consider appellant's constitutional arguments. Moreover, because appellant does not ask us to do so, and we may not invoke the ends of justice exception to Rule 5A:18 *sua sponte*, we hold that appellant waived his constitutional arguments and decline to consider them on appeal. Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

In the alternative, appellant argues that even if the trial court properly admitted the DMV transcript, the evidence was insufficient to prove he committed the two prior DUI offenses. Appellant contends the DMV transcript is unreliable and, absent a court order corroborating the transcript, it is entirely possible the DMV transcript contains erroneous information. Thus, appellant argues the trial court erred in denying his motion to strike.

In enacting Code § 46.2-384, the legislature, in its wisdom, determined that a DMV transcript, certified pursuant to Code § 46.2-215, "shall be prima facie evidence of the facts stated therein with respect to the prior offense." "Prima facie evidence is 'sufficient to raise a presumption of fact or establish the fact in question unless rebutted.'" Nicely v. Commonwealth, 25 Va. App. 579, 582, 490 S.E.2d 281, 282 (1997) (quoting Moffitt v. Commonwealth, 16 Va. App. 983, 987, 434 S.E.2d 684, 687 (1993)); see also Dicker v. Commonwealth, 22 Va. App.

658, 662, 472 S.E.2d 655, 657 (1966) (finding DMV transcript *alone* constitutes prima facie proof of the convictions listed and the defendant's evidence of an allegedly defective order was not sufficient to rebut the presumption of the prior conviction's validity).

In this case, once the DMV transcript was admitted, the Commonwealth presented a prima facie case sufficient to prove appellant's prior DUI convictions. Appellant presented no evidence to rebut that presumption. Accordingly, the evidence was sufficient to prove the instant offense was appellant's third DUI within a ten-year period.

### III. CONCLUSION

For these reasons, we find Rule 5A:18 bars our consideration of appellant's argument that Code § 46.2-384 is unconstitutional. We further find the evidence was sufficient to convict appellant of driving under the influence, third or subsequent offense within a ten-year period, in violation of Code §§ 18.2-266 and 18.2-270. Accordingly, we affirm appellant's conviction.

Affirmed.